No. 38,480

PRESTON D. MILLER, JR., *Appellee*, v. MASSMAN CONSTRUCTION COMPANY, a corporation, *Appellant.*

(237 P. 2d 373)

Opinion filed November 10, 1951.

*Louis R. Gates*, of Kansas City, argued the cause and was on the briefs for the appellant.

*James K. Cubbison*, of Kansas City, argued the cause and *T. E. Hudson, Blake A. Williamson* and *Lee Vaughan*, all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action by a person entitled thereto to recover the entire amount of compensation due him by reason of the failure of a corporation liable therefor, to pay installments of compensation when due and within two weeks after demand, as provided by G. S. 1949, 44-512a, and the appeal arises out of the following:

In October, 1949, Preston Miller commenced a proceeding before the workmen's compensation commissioner to recover compensation from his employer, Massman Construction Company, a self-insurer, hereafter referred to as Massman, and obtained an award in his favor. Massman appealed to the district court and that court on November 28, 1949, made an award in favor of Miller and against Massman based on total disability from October 9, 1948, for an indefinite period of time not to exceed 415 weeks; that

there was due and owing 111 weeks of compensation at $20 per week or $2,200 less $860 previously paid, and less another item, leaving a balance of $1,300, all of which was past due and was ordered paid in one lump sum, and that compensation from November 24, 1949, should be paid to Miller in the future at $20 per week for an indefinite period of time not to exceed 415 weeks. Judgment was rendered in favor of Miller against Massman for $1,300 and costs and the award of the workmen's compensation commissioner was modified as set forth in the journal entry of judgment. From that judgment Massman appealed to this court. No supersedeas bond was given to stay the judgment. This court affirmed the judgment of the district court, its opinion being filed June 10, 1950, and appearing as *Miller v. Massman Construction Co.,* 169 Kan. 499, 219 P. 2d 429. The mandate of this court to the district court was issued under date of July 10, 1950, and on July 11, 1950, the mandate was received and filed by the clerk of the district court.

On July 11, 1950, Miller wrote a letter and sent it to Massman by registered mail in which he stated: "Please send my compensation due me as I need it bad." For some reason not disclosed by the record Massman did not inform its attorney Snyder of the receipt of this letter until two weeks after it admittedly received the same. On July 18, 1950, Snyder wrote Cahill, who was in charge of accident claims of Massman, informing him that Massman's petition for a rehearing in the above case had been denied and on July 26, 1950, Cahill computed the amount due, including the week ending July 25, 1950, and telephoned Snyder. On the same day Snyder called Cubbison, one of Miller's attorneys, inquiring as to the correctness of the amount due. Cubbison told Snyder he had not checked the amount due and it would be up to Hudson, a Missouri attorney of Miller, to say whether the amount was correct and he would have Hudson call Snyder. Hudson did call Snyder, who was out of his office. For reasons not necessary to detail Snyder did not talk to Hudson until July 27, 1950, when Hudson informed Snyder he was insisting on the entire award being paid.

On July 28, 1950, Miller commenced the present action against Massman. On September 7, 1950, he filed an amended petition, the sufficiency of which was not challenged, alleging the award and judgment in his favor and that the judgment was affirmed by this court and that the mandate was received in the trial court on

July 11, 1950; that on the same day, Miller made written demand by registered mail upon Massman, pursuant to G. S. 1945, 44-512a, and that thereafter payment of compensation due was not made or paid within two weeks, and by reason thereof defendant was indebted to him for all of the unpaid balance of compensation awarded him under the award and judgment in the amount of $7,440, and he prayed judgment for the same.

Massman's answer filed October 6, 1950, admitted the judgment, its affirmance and the receipt of the mandate and denied other allegations of the petition and alleged, at length, that there was another action pending for the same cause; that Miller should not maintain this action for the reason he had had execution issue in the first action; that he should not maintain the action for the reason the mandate of the supreme court was not spread of record or made a final judgment on July 11, 1950, and that it was not spread of record until September 28, 1950; that Miller should be estopped from maintaining the action because he had used the processes of the court to collect the installments due up to the date he filed this action and had accepted subsequent installments up to September 28th and regularly each week thereafter; that the demand for a lump sum payment was premature because the mandate of the supreme court had not been spread of record, and that Miller had waived his right to accelerate future payments of compensation, to collect in one lump sum and to maintain this action as one for the collection of a debt and had waived all benefits of the above mentioned statute by his collection and acceptance of installments due to September 28, 1950, and subsequently. Massman's prayer was that Miller take nothing.

Although pleaded at great length the substantive effect of Miller's reply was to deny the allegations of the answer.

At the trial in division No. 4 of the district court evidence was received concerning Miller's demand of July 11, 1950, on Massman; correspondence and conversations between Snyder and Cubbison and Snyder and Hudson, and other matters we shall not detail. It was also shown that the mandate of this court was received, filed and entered on July 11, 1950, that on September 9th a praecipe for an execution (intended to be in the original cause) was filed and an execution issued, and that on September 25, 1950, a motion to spread the mandate was filed by Massman. This last motion was heard by the judge of division No. 3 of the district court. In the journal entry showing the ruling on the motion it was recited the

court ordered the mandate spread of record; that the proceeding was one for compensation, and after reciting facts as to the judgment, its amount and that computation should be made, found there was $2,180 due in one lump sum and thereafter claimant should be paid $20 per week "as in the original journal entry of judgment specified." It was further recited that an execution was prematurely and erroneously issued commanding the sheriff to make (collect) a judgment to September 7, 1950, in the amount of $2,120; that the execution was erroneously numbered in another suit between the same parties subsequently filed, etc.; that the execution was still outstanding, etc., and should be ignored but Massman should be ordered to pay $2,180 in one lump sum by paying to the sheriff the amount of $2,120 and by paying the remaining $60 directly to the clerk of the court. No appeal was taken from this order. It is noted the abstract in the instant action discloses that Massman paid the sum ordered paid the sheriff, who paid the same to the clerk, and also the sum ordered paid to the clerk, the costs and, at least up to the time of trial of the instant action, weekly installments of $20, and it was undisputed at the trial that Miller had never collected any of these amounts from the clerk of the court.

The trial court made findings of fact, which covered the original award of compensation, the appeal to the district court and that the judge of division No. 1 had entered judgment that $1,300 past due compensation was due Miller; that the mandate of the supreme court to the district court was received and filed by the clerk on July 11, 1950; that Miller made demand on July 11, 1950, and that Massman received it July 12, 1950, and on July 26, 1950, two weeks from date of receipt of demand, Massman called its attorney who tried to contact Miller's attorney "but no actual contact was had until late in the evening of July 27, 1950;" that Miller filed the instant action on July 28, 1950; that Massman filed its motion to spread the mandate of this court and on September 28th it was so ordered, the order including: "the amount of compensation due the claimant as of this date to be paid in one lump sum, computed;" that Massman paid the amount as so computed, which amount is in the hands of the clerk, together with subsequent weekly payments of $20; and

"That as of November 28, 1949, the date of the judgment of Judge E. L. Fischer, the claimant in the Workmen's Compensation case, now plaintiff herein, had rendered a judgment in his favor in the sum of $1,300 for past due

compensation, and that said judgment was then adjudged by said Court and was later adjudged and affirmed by the Supreme Court of Kansas on July 11, 1950, and said judgment and affirmation was at that time and is now in full force and effect."

As matters of law the trial court concluded that Miller's letter of demand was in compliance with G. S. 1949, 44-512a, and that Massman, although compensation had been previously adjudged, failed to pay in compliance with the demand; that the judgment and mandate of the supreme court did not reverse the judgment entered in division No. 1, but on the contrary affirmed the judgment and the receipt and filing of the mandate by the clerk of the district court was all that was required by law; that the judgment of division No. 1, appealed from, set an amount as being due and the matter of computation of the additional weeks was not a matter requiring judicial determination; that judgment should be rendered for Miller in accordance with the prayer of his petition.

Massman moved for a new trial. On the hearing thereof, the motion itself was denied, but the judgment was amended to provide that there be credited thereon amounts previously paid the clerk by Massman. Thereafter Massman moved the court for an order to set aside a part of one finding of fact. On hearing, the trial court made a change of one word and overruled the motion.

In due time Massman perfected its appeal to this court and filed its supersedeas bond to stay execution. Its specification of errors covers the matters presented in its brief and hereafter discussed.

Before taking up Massman's contentions, we take note of the statute on which Miller relies. It is G. S. 1949, 44-512a, and for our purposes reads:

"That if any compensation awarded, . . . or adjudged under the provisions of the workmen's compensation act of this state or any installment thereof shall not be paid to the employee . . . when due, and service of written demand for payment has been made . . . by registered mail on the . . . corporation liable to pay the same, payment of said demand is thereafter . . . not made within two weeks from the date of service of said demand, then the entire amount of the compensation awarded, . . . or adjudged shall become immediately due and payable and said employee . . . may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt. . . ."

Constitutionality of the statute was upheld in *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 152 P. 2d 860, 155 A. L. R. 546.

Massman's diligent counsel has filed an extended and detailed brief in support of its contentions of error. By reason of our con-

clusions it is not necessary that we mention and discuss every question presented nor review all of the citations of authority made.

Massman makes a preliminary statement as to the original judgment of November 24, 1949, and its affirmance on July 10, 1950, the issuance of an execution thereon on September 9, 1950, at the instance of Miller, and that Massman had filed its motion on September 25, 1950, that the mandate of the supreme court be spread of record, and asks whether the court on hearing the motion may: (1) order it spread of record; (2) determine the amount of compensation due; (3) order Massman to satisfy the execution; and (4) direct Massman to pay installments of compensation which accrued between issuance of the execution and the date of hearing the motion.

Although not presented in the order here stated, the gist of Massman's argument is that affirmance by this court of a judgment in a compensation case, requires the trial court to enter a new award covering accumulated payments in one lump sum, and that while it is a matter of computation the parties might disagree and until the matter is settled by an order and judgment of the district court an execution may not issue, and further that no such order may be made until some party moves the court to spread the mandate of record and render such lump sum judgment; that the mere act of the clerk of the court in receiving and filing the mandate is not sufficient, and our attention is directed to various sections of the code of civil procedure dealing with mandates and the duties of the clerk in connection therewith and generally. We do not deem it necessary to take up and discuss these questions as thus presented, nor the interesting question whether a mandate which merely affirms, but does not modify or reverse, a judgment of the district court must be spread of record before the judgment appealed from may be enforced, for the reason it conclusively appears here that the district court rendered its judgment for $1,300 and $20 per week thereafter on November 24, 1949, and no supersedeas bond having been given in compliance with G. S. 1949, 60-3322, the appeal to this court did not stay that judgment and nothing prevented levying of an execution at any time after rendition of the judgment. In making the above statement we take note that although an execution issued there was no levy under it nor any collection made as the direct result of it, as is disclosed by the order of September 28, 1950, made when the mandate was spread of record, and the effect of which order is next considered.

Massman next contends that the order of the district court made September 28, 1950, as the result of the hearing of its motion to spread the mandate, fixed the rights of the parties, that there was no appeal from that order and that it became *res judicata* on the question of Miller's right to collect the entire amount of compensation, and our attention is directed to quotations from *Wharton v. Zenger*, 163 Kan. 745, 186 P. 2d 287; *Brewington v. Western Union*, 163 Kan. 534, 183 P. 2d 872; and *Burton v. Ostertag*, 166 Kan. 374, 201 P. 2d 676; where that doctrine is discussed and applied. The force of those decisions is recognized, but whether the rule has application here depends upon the content of the court's order. Although perhaps repetitious, the motion of Massman was that the court order the clerk to spread upon the record the mandate of the supreme court "and to enter such orders and judgments as shall be ordered to be entered by such mandate . . ." The court found the motion should be sustained. After reviewing the original judgment, and its terms, and affirmance by this court, the court found that as of November 24, 1949, a balance of compensation was due of $1,300 and that since that date 44 weeks of additional compensation had accrued, making the total amount to be paid in one lump sum to and including September 28, 1950, $2,180, and thereafter the claimant was to be paid weekly compensation at the rate of $20 per week "as in the original journal entry of judgment specified." We note that although the court made the above finding, it rendered no judgment thereon. The remaining part of the order dealt with the execution found to have been erroneously issued and ordered Massman to pay up the accrued and unpaid compensation. At no place in the order was there any command to Massman to pay weekly installments. As we construe the order of September 28, 1950, its purpose was to calculate the amount presently due on the original judgment; it did not purport in any manner to render any new or different judgment; it found that Miller was to be paid compensation as specified in the former judgment, and, in effect, it was only a reiteration of the original judgment and an affirmation of it. In our opinion this order of September 28, 1950, was not *res judicata* on the issues presented in the case at bar.

Massman next contends that under the circumstances of the case Miller was estopped to prosecute the action to judgment. This contention covers conduct of counsel, effects of issuance of execution and waiver. His premise seems to be that on July 12, 1950, Miller had made a written demand for payment of compensation

due; that just two weeks later Massman's attorney Snyder telephoned Miller's Kansas attorney Cubbison, seeking verification of the amount due; that Snyder was without knowledge Miller's demand had been served upon Massman; that Cubbison referred Snyder to Miller's Missouri attorney Hudson and Snyder did not succeed in talking to Hudson until July 27, 1950, when Hudson insisted on full payment; that Miller and his counsel expected Snyder would act upon the representations (and apparently fail to pay up accrued installments of compensation) and that Massman was deprived of an opportunity to pay the accrued, weekly payments thereafter and also of its statutory right to review or cancel the award under G. S. 1949, 44-528. The premise is based upon Massman's own interpretation of evidence. Although Snyder had advised Massman its petition for a rehearing in the supreme court had been denied, it was two weeks after it received the demand that it notified its attorney Snyder. Massman, not Snyder, was responsible for the passage of time in which it might have paid the accrued compensation and avoided the statute under which the entire award became due. Massman, and not Miller, had the burden of avoiding effects following the demand and neither Miller nor his counsel was under obligation to advise Massman of the exact amount due. Massman knew that as well as Miller, and the record discloses there was never any dispute as to the amount. There is no showing that Miller's counsel misled Massman's counsel and Massman's contention as to Miller's being estopped for this reason cannot be sustained.

Massman argues that Miller is estopped because he caused execution to issue, and he directs our attention to authorities setting forth the elements of estoppel, such as *Schott v. Linscott*, 80 Kan. 536, 103 Pac. 997, and that before acts of one can be successfully invoked as an estoppel by another, such other must have relied upon and been prejudiced by such acts, such as *Dent v. Smith*, 76 Kan. 381, 92 Pac. 307, to authorities as to what constitutes waiver, such as *Hunter Milling Co. v. Koch*, 82 F. 2d 735, and to authorities dealing with elections of remedies, such as *Ireland v. Waymire*, 107 Kan. 384, 191 Pac. 304. The gist of the argument seems to be that when Miller caused the execution to issue, in effect he declared that amount to be the amount due on that date, and that by so doing he waived his right to recover in the instant suit the entire amount of the compensation, accrued and to accrue in the future; that he made an election of his remedies and is bound thereby. We

think it unnecessary to treat the subjects of estoppel, waiver and election of remedies at length. We need not again recite the judgment of November 24, 1949, but that it was an outstanding judgment on the date execution was issued cannot be denied. At that date, although the preliminary demand had been made, there was no judgment that under G. S. 1949, 44-512a the entire award of compensation was due. A mere reading of the last statute discloses clearly it is not an action to recover installments of compensation accrued and unpaid, but is an action to have the entire compensation declared due and payable and to collect the same. We see no inconsistency between attempting to collect the judgment of November 24, 1949, as affirmed by this court on July 10, 1950, and as later ratified by the district court on September 28, 1950, and the attempt by the instant action to have the entire amount of compensation declared immediately due and payable. Neither are we of the opinion that an attempt to collect amounts due on an existing, outstanding and valid judgment is an election of remedy that precludes resort to the relief asked under the statute last cited. The relief sought in each is consistent, and not inconsistent, with the other.

Massman also contends that the demand for payment of compensation made by Miller dated July 11, 1950, received by Massman the next day, was premature. The gist of this contention seems to be that until the mandate of this court had been spread of record by order of the district court, there was no judgment that any compensation was due and unpaid. What has been previously said herein is deemed sufficient to show the contention cannot be upheld.

Massman also contends that the trial court erred in denying its motion to set aside a part of a finding of fact pertaining to the correspondence and conversations between the attorneys for the parties, as heretofore set forth, for the reason the finding was not supported by the evidence. The trial court denied this motion but did substitute the adjective "final" for the adjective "actual" and Massman contends this was error. We have examined the record and hold the finding was supported by the evidence. The change of adjectives neither added to nor detracted from the finding as made. There was no error.

A careful search of the entire record shows that Miller, to whom compensation was due from Massman, partly in accumulated unpaid installments and partly in installments to come due in the

future, made proper demand for the accumulated unpaid compensation as provided by G. S. 1949, 44-512a, and that Massman failed within the requisite period of two weeks from service of the demand to make payment, thereby subjecting itself to the provision of the statute making the entire award immediately due. The statute may be rigorous, but it is possible to comply with its terms. Massman did not do so. The trial court committed no error in determining the issue and its judgment is affirmed.