No. 40,394

ROBERT E. OWEN, *Appellee,* v. READY MADE BUILDINGS, INC., a Corporation, *Appellant.*

(303 P. 2d 168)

287

Opinion filed November 3, 1956.

R. L. *Letton,* of Pittsburg, argued the cause, and P. E. *Nulton,* of Pittsburg, was with him on the briefs for the appellant.

*Morris Matuska,* of Pittsburg, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Plaintiff brings this action under the provisions of G. S. 1949, 44-512a, to recover a judgment for the entire amount due under an award of compensation entered by the workmen's compensation commissioner, on the ground that the defendant failed to pay part of the medical expenses of the attending physician, as provided in the award, within two weeks after plaintiff's demand in the form provided by statute.

On December 30, 1955, the workmen's compensation commissioner awarded plaintiff weekly compensation for an indefinite period not to exceed 415 weeks for injuries suffered by plaintiff while in the employ of the defendant. Certain items of medical expenses were included as a part of the award. One of these was a charge by Dr. Samuel B. Muller in the sum of $396. No appeal was taken from the award. At the time this action was filed, all payments under the award, including weekly compensation, had been paid, except that part of the award of $396 due Dr. Muller for medical treatment of plaintiff. On February 6, 1956, plaintiff made written demand on defendant for payment of "all unpaid compensation then due including a medical expense awarded, . . ." On February 23, plaintiff filed his petition in the district court of Crawford County claiming the balance of the award in a lump sum, by reason of defendant's failure to pay on demand the amount due Dr. Muller for medical treatment. From an order of the trial court overruling defendant's demurrer to plaintiff's petition, on the ground it failed to state facts sufficient to constitute a cause of action, defendant appeals.

The question presented is whether, under G. S. 1949, 44-512a, the employer's failure to pay within two weeks after employee's written demand, a part of the medical expense incurred in the treatment of the employee, and included in the award made to the employee by the workmen's compensation commissioner, acceler-

ates and makes the employer liable to pay the entire award, where there is no default in the weekly compensation due the workman under an indefinite award for temporary total disability, for a period of not to exceed 415 weeks.

We are confronted first with whether expense of medical treatment and care of the injured workman is compensation within the workmen's compensation act.

G. S. 1955 Supp., 44-510, provides that the amount of compensation under this act shall be: (1) *Treatment and care of injured employees.* It is apparent under this statute that the primary obligation imposed upon the employer in favor of the workman is to pay compensation in the form of medical treatment and care of the employee.

In *Richardson v. National Refining Co.*, 136 Kan. 724, 18 P. 2d 131, we held that the furnishing of medical aid to an injured employee constituted the payment of compensation within the meaning of the act. To the same effect is *Bishop v. Dolese Brothers Co.*, 155 Kan. 288, 124 P. 2d 446, and in *Dressler v. Dressler*, 167 Kan. 749, 208 P. 2d 271, we held that the furnishing of medical aid and hospitalization by an employer to an employee was payment of compensation as the term is used in the workmen's compensation act. See, also, *Duncan v. Davidson Construction Co.*, 170 Kan. 520, 524, 227 P. 2d 95, and *Angleton v. Foster Wheeler Construction Co.*, 177 Kan. 134, 276 P. 2d 325.

An award by the workmen's compensation commissioner, providing for the payment of certain medical expenses for the care and treatment of the injured employee, is an award of compensation to the injured workman, including all items that go to make up the award for the benefit of those named therein, to the same extent as an award for certain weekly payments of compensation made in his favor.

We are next confronted with whether failure on the part of defendant to pay the medical expense, under the award, on demand, is sufficient to accelerate and make the defendant liable to pay the entire award.

The pertinent part of G. S. 1949, 44-512a, provides:

"That if *any* compensation awarded, agreed upon or adjudged under the provisions of the workmen's compensation act of this state or *any* installment thereof shall not be paid to the employee or other person entitled thereto when due, and service of written demand for payment has been made person-

ally or by registered mail on the person, firm or corporation liable to pay the same, payment of said demand is thereafter either refused or not made within two weeks from the date of service of said demand, then the entire amount of compensation awarded, agreed upon or adjudged shall become immediately due and payable and *said employee or other person entitled to said compensation may maintain an action* in any court of competent jurisdiction for the collection . . . of a debt. . . ." (Our italics.)

Under the plain language of the statute, a failure to pay *any* part of the compensation awarded, within two weeks after demand, authorizes the employee to bring a suit for all unpaid compensation awarded. The failure to pay, upon demand, the sum of $396 due Dr. Muller for medical treatment, being compensation and a part of the award, authorized the plaintiff to maintain this action for the unpaid compensation awarded. There is nothing in the act that indicates such a suit may be maintained, only in the event of failure to pay the weekly installments due the workman.

Defendant contends that the italicized words in the foregoing statute, *"said employee or other person entitled to said compensation may maintain an action"* should be construed as giving a cause of action to Dr. Muller, where the only unpaid part of the award is a part of the medical service, and not weekly installments due the plaintiff. Such construction attributes a purposeless meaning to the statute. The obligation due the physician became final when the award was rendered, and his right to recover such amount inured at the time the award became final. The words are construed to mean that the action may be maintained by the employee or his dependents who are entitled to compensation. No right would be created, and certainly no purpose would be served if defendant's contention were followed. The provisions of the compensation act must be liberally construed in favor of the workman with a view of effecting their purpose. (*Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 221, 152 P. 2d 860.)

It is apparent that the purpose of the mentioned statute was to secure prompt payment to the workman or to his benefit, as provided in the award. *Ellis v. Kroger Grocery Co.*, supra, was a similar case, and the mentioned statute and its effectiveness was thoroughly analyzed. We held that section 44-512a did not disturb the employer's vested right to pay the installments according to the terms of the previous judgment if the employer complied therewith. It provided only for the maturity of all future installments in the event the employer failed to pay the installments al-

ready due within two weeks after statutory demand was made for their payment. We further stated that the statute provided the *workman* an additional or supplemental remedy for the collection of an existing judgment, in the event of the employer's default, and did not deprive the employer of his vested rights, but left it wholly optional with the employer whether he would protect his vested rights by complying with the terms and requirements of the judgment previously rendered against him. In other words, the employer had the choice of protecting his vested rights by merely complying with the judgment by which he was bound, until modified, or to permit the *workman* to invoke the new remedy for the collection of all future installments.

It is next contended by defendant that the legislature, by section 44-512a, intended to include only definite awards. This would restrict operation of the statute only to the scheduled injuries set forth in section 44-510, as all other awards under section 44-528 are subject to review and modification. It is apparent that the legislature did not intend to restrict the application of section 44-512a solely to scheduled injuries, but it definitely stated it was applicable to any award, or any installment award, for an indefinite period of time not to exceed 415 weeks, to be applicable to temporary total disability, as well as permanent total disability.

In *Miller v. Massman Construction Co.,* 171 Kan. 713, 237 P. 2d 373, the claimant was granted an award of total disability for an indefinite period of time not to exceed 415 weeks, and we held that the statute was applicable. In *Ellis v. Kroger Grocery Co.,* supra, we held that the statute was applicable where claimant was granted an award of permanent total disability for a period of 415 weeks.

It follows that the order of the trial court overruling defendant's demurrer to plaintiff's petition is affirmed.