No. 40,744

ROBERT E. OWEN, *Appellee*, v. READY MADE BUILDINGS, INC., a Corporation, *Appellant.*

(313 P. 2d 267)

Opinion filed July 3, 1957.

R. L. Letton, of Pittsburg, argued the cause, and P. E. Nulton, of Pittsburg, was with him on the briefs for the appellant.

Morris Matuska, of Pittsburg, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is the second appearance in this court of an action (See *Owen v. Ready Made Buildings, Inc.*, 180 Kan. 286, 303 P. 2d 168, affirming the overruling of a demurrer to the petition) brought by plaintiff against defendant to recover a judgment under the provisions of G. S. 1949, 44-512a, for the entire amount due under an award of compensation entered by the Workmen's Compensation Commissioner, on the ground that defendant had failed to pay part of the medical expenses of the attending physician, as provided in the award, within two weeks after plaintiff's demand in the form provided by statute.

Reference to the opinion in the first appeal discloses:

1. A factual statement, about which there can be no dispute, which reads:

"On December 30, 1955, the workmen's compensation commissioner awarded plaintiff weekly compensation for an indefinite period not to exceed 415 weeks for injuries suffered by plaintiff while in the employ of the defendant. Certain items of medical expenses were included as a part of the award. One of these was a charge by Dr. Samuel B. Muller in the sum of $396. No appeal was taken from the award. At the time this action was filed, all payments under the award, including weekly compensation, had been paid, except that part of the award of $396 due Dr. Muller for medical treatment of plaintiff. On February 6, 1956, plaintiff made written demand on defendant for payment of 'all unpaid compensation then due including a medical expense award, . . .' On February 23, plaintiff filed his petition in the district court of Crawford County claiming the balance of the award in a lump sum, by reason of defendant's failure to pay on demand the amount due Dr. Muller for medical treatment. From an order of the trial court overruling defendant's demurrer to plaintiff's petition, on the ground it failed to state facts sufficient to constitute a cause of action, defendant appeals." (p. 287.)

2. A recital of the appellate issue involved which reads:

"The question presented is whether, under G. S. 1949, 44-512a, the employer's failure to pay within two weeks after employee's written demand, a part of the medical expense incurred in the treatment of the employee, and included in the award made to the employee by the workmen's compensation commissioner, accelerates and makes the employer liable to pay the entire award, where there is no default in the weekly compensation due the workman under an indefinite award for temporary total disability, for a period of not to exceed 415 weeks." (pp. 287, 288.)

3. A discussion and decision of all questions pertinent to a re-

view of such appellate issue, supplemented by a syllabus, reflecting our views as to the law of the case, wherein we held:

"The furnishing of medical aid to an injured employee is payment of compensation within the meaning of G. S. 1955 Supp., 44-510.

"An award by the workmen's compensation commissioner, providing for payment of medical expenses for the care and treatment of an injured employee, is an award of compensation to the workman, as that term is used in G. S. 1949, 44-512a, to the same extent as the provision in the award for weekly payments of compensation made in his favor.

"Under G. S. 1949, 44-512a, a failure to pay within two weeks after written demand, any part of the compensation awarded when due, or any installment thereof including medical expenses, makes the entire amount of compensation awarded immediately due and payable, and authorizes the workman to maintain an action for the recovery of the entire amount of compensation awarded.

"The phrase 'said employee or other person entitled to said compensation may maintain an action,' as used in G. S. 1949, 44-512a, is construed to mean the employee or his dependents who are entitled to compensation.

"The provisions of G. S. 1949, 44-512a, are applicable to awards for an indefinite period of time." (Syl. ¶¶ 1, 2, 3, 4 & 5.)

When the case reached district court after our first decision (180 Kan. 286) defendant filed an answer in which, after admitting the filing and entry of an award of compensation, it denied generally all other allegations of the petition. Thereafter the parties agreed the cause should be submitted to that tribunal on a stipulation of facts which, quoted as to some portions and stated in substance as to others, reads:

"1. Defendant admits the allegations of paragraphs 1, 2 and 3 of plaintiff's petition except the following part of said paragraph 3: 'that the medical award of $396.00 awarded and due Dr. Samuel B. Muller was not fully paid by the defendant or its said Workmen's Compensation Insurance Carrier'; defendant further admits the allegations of paragraph 4 of plaintiff's petition except the following: 'failed to pay within the two week period following said demand of February 6, 1956, the charges of Dr. Samuel B. Muller which had been awarded, as aforesaid, and which sum was then due in the sum of $396.00'; to the remaining allegations of plaintiff's petition, defendant's answer filed herein is a general denial.

"2. That prior to the hearing of this case before the Workmen's Compensation Commissioner of the State of Kansas and on or about May 23, 1955, Dr. Samuel B. Muller submitted to defendant's insurance carrier, a statement for services showing the amount due to be $86.00, a copy of which statement is attached marked Exhibit 'A'; that thereafter and on July 6, 1955, defendant's Workmen's Compensation insurance carrier, Allied Mutual Casualty Company, Des Moines, Iowa, issued its draft No. 39716 in the amount of $86.00 payable to Samuel B. Muller, M. D., which draft was duly transmitted by United States mail for delivery to said Dr. Samuel B. Muller; that Dr. Samuel B.

Muller would testify in the matter if this case was tried that said draft was never received by him and that testimony would show that said draft had never been presented for payment to the bank on which it was drawn, Central National Bank and Trust Company, Des Moines, Iowa.

"3. That at the hearing of this case before the Workmen's Compensation Commissioner of the State of Kansas on October 24, 1955, the following proceedings were had:

(Here follow statements made by attorneys and the examiner at such proceeding, disclosing that defendant agreed to assume all doctor bills for all services rendered by Dr. Muller to plaintiff from the date of the accident in question to the date of the compensation hearing and that the amount due therefor to such date was $396.)

"4. That thereafter and on December 30, 1955, the Commissioner issued an award of compensation as mentioned in paragraph 3 of plaintiff's petition which included in medical award the sum of $396.00 due Dr. Samuel B. Muller, which had not been paid on February 6, 1956.

"5. That on or about January 19, 1956, R. L. Letton, one of the attorneys of record for defendant and for said Allied Mutual Casualty Company, discussed with Dr. Samuel B. Muller the matter of the draft dated July 6, 1955, in the amount of $86.00 which the records of Allied Mutual Casualty Company show had been issued but had not been presented for payment by Dr. Muller and Dr. Muller again advised Mr. Letton that he had not received said draft, Mr. Letton then requested Dr. Muller to prepare and furnish to defendant an itemized statement for services up to and including the then current date, January 19, 1956, which statement, Dr. Muller submitted under date of January 19, 1956, a copy of which statement is hereto attached, marked Exhibit 'B.'

"6. That at the time of the service of demand of plaintiff dated February 6, 1956, as alleged in paragraph 4 of plaintiff's petition, defendant and Allied Mutual Casualty Company, its insurance carrier, had assumed and agreed to pay all sums due to said Dr. Muller for medical services rendered plaintiff up to January 19, 1956.

"7. On March 8, 1956, defendant's said insurance carrier issued its draft in the amount of $396.00 which was transmitted to Dr. Samuel B. Muller by letter of Mr. Letton dated March 16, 1956, which was the amount due Dr. Muller to October 24, 1955, as shown by the Workmen's Compensation Commissioner's award of December 30, 1955, and subsequently on March 27, 1956, said insurance carrier issued an additional draft in the amount of $280.00 which was likewise delivered to Dr. Samuel B. Muller by letter of Mr. Letton dated April 13, 1956, which paid Dr. Muller's bill from October 24, 1955 to March 13, 1956. Both drafts have been received by Dr. Muller but said drafts have not been cashed.

"8. That the sum awarded Dr. Muller by the award of the Workmen's Compensation Commissioner on December 30, 1955, was not fully paid by defendant or its said Workmen's Compensation insurance carrier within fourteen days after the date of plaintiff's demand of February 6, 1956.

"9. That said insurance carrier continuously after the date of accident furnished to plaintiff and plaintiff accepted the services of Dr. Samuel B. Muller for the treatment of his injuries and at the time of plaintiff's demand on February 6, 1956, and on the date of the filing of this action, plaintiff was receiving medical treatment from said Dr. Muller, for which medical services said insurance carrier issued its drafts in payment in the amounts and on the dates as set out in paragraph 7 above."

Following action as above indicated the court heard arguments on the pleadings and stipulation and found as a matter of law the defendant's failure to make payment of $396 to Dr. Muller as ordered by the compensation commissioner in the award, within two weeks after plaintiff made written demand by registered mail on defendant on February 6, 1956, for payment of all unpaid compensation awarded and due including medical compensation awarded and due, caused the entire unpaid balance of the entire workmen's compensation award in favor of plaintiff and against the defendant to become immediately due in a lump sum upon expiration of the two week period following February 6, 1956. Thereupon it rendered judgment in accord with such finding. This appeal followed and is now here under a specification of error charging that "the district court erred in finding and entering judgment in favor of appellee after trial on the stipulated agreed facts for the reason that said stipulated facts were not sufficient to constitute a cause of action in favor of appellee under Section 44-512 (a), G. S. 1949."

In view of what this court stated was the issue involved on appellate review in 180 Kan. 286 we have no difficulty in concluding the instant appeal falls squarely within the rule announced in *Waddell v. Woods,* 160 Kan. 481, 163 P. 2d 348, and the decisions cited at page 488 of its opinion, where it is held:

"When a second appeal is brought to this court in the same case, the first decision is the settled law of the case on all questions involved in the first appeal and reconsideration will not be given to such questions." (Syl. ¶ 3.)

Adherence to the foregoing rule means, of course, that the questions determined in paragraphs 1 to 5 inclusive, of the syllabus in 180 Kan. 286, as heretofore quoted, are now the law of this case and need not be re-examined.

Having reviewed the record in the case now under consideration, as well as the record presented when the cause was here before, we have concluded that the paramount question involved on this appeal is whether the facts set forth in the heretofore quoted stipulation, respecting the failure of appellant to pay medical expenses

due and payable under the compensation award after demand within the time prescribed by its terms, are sufficient to avoid the force and effect of the statute (G. S. 1949, 44-512a) as construed in our previous decision.

At the outset it may be stated that having agreed, in both paragraphs 4 and 8 of the stipulation, that the sum awarded Dr. Muller by the award of the compensation commissioner on December 30, 1955, was not fully paid by it or its insurance carrier within fourteen days after the date of appellee's demand of February 6, 1956, appellant cannot be heard to say that what is held in syllabus 3 and corresponding portions of the opinion in 180 Kan. 286 does not require that the judgment now under consideration be upheld. It follows such judgment must be affirmed unless other terms of the stipulation suffice to excuse the nonpayment of that sum within the period of time just mentioned. Appellant vigorously contends a legal excuse for failure to make such payment appears from the fact that elsewhere in the stipulation it is agreed that prior to the date of the award, which included $396 for medical services, it had mailed a draft for a portion of that amount, i. e. $86, to Dr. Muller, which has never been presented for payment, and that theretofore payment of the total award was not refused but delayed due to confusion of credits and balance due. There might be some merit to this contention if, after receiving the demand for payment, appellant had paid the doctor the difference between $86 and the $396 awarded. The trouble from its standpoint is that the stipulation discloses, that instead of doing that it elected to disregard entirely the demand for payment of the unpaid compensation, amounting to $310, and made no attempt whatsoever to pay it until sometime after expiration of the two week period prescribed by statute (44-512a). Under such circumstances we believe that failure to pay the unpaid balance of $310 within the period of two weeks from the date of the demand must be regarded as constituting a refusal to pay such amount within that period of time. In this connection it is interesting to note that at page 720 of the opinion in *Miller v. Massman Construction Co.*, 171 Kan. 713, 237 P. 2d 373, in rejecting a contention somewhat similar to the one here advanced by appellant, we said that the employer, not the employee, has the burden of avoiding effects following a demand made in accord with the terms of such statute.

Another ground relied on as affording legal excuse for failure to

make payment of the involved unpaid compensation within the time required by the statute is that the stipulation shows that at the time of the hearing before the compensation commissioner appellant agreed to assume all medical bills. We find nothing in the statute which is subject to a construction that such an assumption avoids the consequences flowing from a failure to pay unpaid compensation within the time required by its terms.

Two other contentions dealing with the construction to be given the statute (44-512a) are advanced by appellant and should be noted.

First it is urged that the statute is penal in nature hence its terms should be strictly construed. The difficulty with this argument from appellant's standpoint is that in decisions (See *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 220, 152 P. 2d 860; *Babcock v. Dose,* 179 Kan. 298, 300, 293 P. 2d 1007), to which we adhere, this court has held that it is remedial in character and intended to supplement existing remedies as indicated therein. See, also, page 289 of the opinion in 180 Kan. 286 wherein it is said the provisions of the compensation act must be liberally construed in favor of the workman with a view of effecting their purpose.

Next it is argued that the statute should be construed as contemplating the phrase "payment of said demand is either refused or not made" as meaning "payment of said demand is refused or without cause is not made." We think such a construction would read into the statute something that is not there. Even so there is no necessity for laboring the point. The answer to this contention appears in syllabus 3 and corresponding portions of the opinion (p. 289) where it is held and said that a failure to pay any part of the compensation awarded when due, including medical expenses, within two weeks from the date of service of the written demand, makes the entire amount of compensation awarded immediately due and payable.

We find nothing in appellant's contentions or in arguments advanced with respect thereto which either permits or requires a reversal of the judgment.

The judgment is affirmed.