No. 42,426

Gabreal Zimmerman, *Appellant*, v. O'Neill Tank Company, Inc., and The Western Casualty and Surety Company, a Corporation, *Appellees.*

(362 P. 2d 10)

Opinion filed May 13, 1961.

*Delmas L. Haney,* of Hays, argued the cause and was on the briefs for the appellant.

*Norbert R. Dreiling,* of Hays, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Parker, C. J.: This action, the aftermath of a workmen's compensation proceeding, was instituted by the workman under the provisions of G. S. 1949, 44-512a, to recover the entire amount of compensation allowed by the Commissioner's award because of failure of the employer, and its insurance carrier, to pay specified weekly installments of compensation when due and within two weeks after service of written demand for their payment. A trial by the court, after joinder of issues by appropriate pleadings, resulted in a judg-

ment for the employer and its insurance carrier from which the workman appeals.

The salient facts of record, which for all purposes here involved may be said to be uncontroverted, are highly important to a proper understanding, as well as a decision, of the appellate issues and for that reason should be detailed at length. In the interest of brevity, while stating the facts and in disposing of the issues, we shall refer to the workman as plaintiff and the employer as defendant throughout the course of this opinion. If specific mention of the defendant Insurance Company is required it will be referred to as the carrier. On April 28, 1959, plaintiff was accidentally injured while employed by the defendant. A claim for workmen's compensation was duly filed and came on for hearing before an Examiner on September 16, 1959. After the introduction of evidence, including the deposition of Dr. John Lance of Wichita, the cause was submitted to the Examiner for decision. Shortly thereafter the Examiner died. Thereupon a further hearing was held before the Commissioner and the case was closed and submitted to that official for his decision on December 16, 1959.

Twenty-eight days after the case had been closed and submitted, to be exact on January 13, 1960, counsel for defendant notified plaintiff and his counsel by letter addressed to their respective places of residence at Hays that defendant had reserved an appointment for plaintiff with Dr. Lance (the physician who had testified at the prior hearing) at the Wichita Clinic for Tuesday, February 2, 1960, and in effect advised plaintiff that, pursuant to the provisions of G. S. 1959 Supp., 44-515, defendant was requiring plaintiff's presence at Wichita on that date for further medical examination. In this connection, it should be noted, that this notice was dated two days prior to the date on which, under the law of this state (G. S. 1949, 44-523), the Commissioner was required to file the award which was submitted to him for decision on December 16, 1959, and that the date fixed by its terms for plaintiff's appearance at Wichita (February 2) was eighteen days after the Commissioner, under the terms of the statute last mentioned, was required to have made such award. In further connection with this subject, it should also be noted, there is nothing whatsoever in the record to indicate the case before the Commissioner had been reopened for any cause, nor is it claimed the parties had agreed in writing to extend the time for the filing of the award or that either the plaintiff or the defend-

ant had reason to anticipate such award would not be made by the Commissioner within the required statutory time.

Following receipt of the notice last above mentioned plaintiff informed the defendant he would not appear for the medical examination at Wichita on the date therein mentioned and did not do so.

On February 5, 1960, the Commissioner made his award, based on the evidence submitted to him on December 16, 1959, wherein among other things, he found generally in favor of the plaintiff (then claimant in the compensation proceeding) and granted him an award of 416 weeks of temporary total disability at the rate of $34 per week plus certain medical allowances not here involved, subject to review and modification as provided by law; found that there was due and owing plaintiff as of February 2, 1960, the sum of $1326 which was ordered paid in one lump sum; and directed that the balance of the compensation should be paid at the rate of $34 per week or until his further order.

No appeal was ever taken from the award of the Commissioner and no motion for review or modification of such award, as authorized by G. S. 1959 Supp., 44-528, has ever been filed with the Commissioner.

On or about February 18, 1960, the accumulated sum of $1326, due as of February 2, 1960, plus certain medical payments, not here involved, were paid to plaintiff under the terms of the award. No compensation had been paid to plaintiff or medical furnished to him from the date of the injury until that time. No further payments have since been made. In other words all accrued compensation under the award was paid by defendant to the time of plaintiff's refusal to report for further medical examination as required in the notice of January 13, 1960, and thereafter defendant unilaterally suspended compensation payments falling due under the terms of such award because of plaintiff's failure to report for further examination.

On February 17, 1960, plaintiff made demand by registered mail for the payment of compensation which was due in weekly installments under the terms of the award, *i. e.*, the payments due and payable as of February 9, 1960, and February 16, 1960. No payment of this compensation was made within two weeks from February 18, 1960, the date of service of such demand, whereupon, and on March 5, 1960, the instant action was filed under G. S. 1949, 44-512a to recover a judgment for a lump sum payment of the en-

tire amount of the award because of failure to make compensation payments as therein provided.

In the face of the foregoing uncontroverted facts of record, the trial court found the plaintiff was not entitled to recover a lump sum judgment for the entire amount of the existing award under the provisions of 44-512a, *supra*, because his right to payment of compensation had been suspended by operation of law under G. S. 1959 Supp., 44-515 and G. S. 1949, 44-518, at the time he served demand on the defendant on February 18, 1960, and rendered judgment accordingly.

The fundamental premise on which the trial court based the decision just mentioned is to be found in one of its conclusions of law, announced at the time of the rendition of the decision and subsequently included in its journal entry of judgment. Such conclusion of law reads:

*"The request by defendants upon plaintiff on January 13, 1960, for plaintiff to submit for medical examination to Dr. Lance on February 2, 1960,* was made with what is tantamount to tender of the statutory expenses provided by G. S. 1959 Supplement 44-515, *and was proper under G. S. 1959 Supplement 44-515. The refusal to comply by plaintiff effected a suspension of plaintiff's right to payment of compensation until plaintiff shall submit to examination as provided by Sec. 44-518, G. S. 1949."* (Emphasis supplied.)

So far as here pertinent sections of the statute referred to in the above quoted conclusion provide:

*"(a)* After an injury to an employee, he shall, upon request of the employer, submit himself for examination at any reasonable time and place, to any one or more reputable physicians or surgeons selected by the employer, and shall so submit himself for examination thereafter at intervals during the pendency of his claim for compensation, upon request of the employer. . . ." (G. S. 1959 Supp. 44-515.)

"If the employee refuses to submit himself for examination upon request of the employer as provided for in section 15 [44-515] of this act, or if the employee or his physician or surgeon unnecessarily obstructs or prevents such examination by the physician or surgeon of the employer, the employee's right to payment of compensation shall be and remain suspended until he shall submit to examination and until such examination shall have taken place, and no compensation shall be payable under this act during the period of suspension: . . ." (G. S. 1949, 44-518.)

Mindful that the provisions of the Compensation Act must be liberally construed in favor of the workman with a view of effecting their purpose (see, *e. g.*, *Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 221, 152 P. 2d 860) and that their purpose is to secure prompt payment to an injured workman of the benefits provided for under its

terms (see *e. g., Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 289, 303 P. 2d 168), we have no difficulty in concluding that before the provisions of 44-515, *supra,* and for that matter its supplementing section (44-518, *supra*), become operative, the request of an employer for further examination of a workman must fix a reasonable time at which the workman shall appear for the examination. Moreover, we are convinced that the date fixed for the holding of an examination must be at a time when the examination itself would serve some useful purpose in effectuating the purposes of the proceeding then pending under the Act, otherwise the time fixed for the holding of such examination is not to be construed as having been at a "reasonable time," within the meaning of those words as used in 44-515, *supra.* Indeed, such a conclusion is warranted under the clear and unequivocal language of 44-515, *supra,* providing for *examination at any reasonable time,* and the equally plain provisions of 44-518, *supra,* indicating that unless the employee refuses to submit himself for *examination as provided for in section 15 (44-515),* the penalties prescribed by 44-518 have no application.

There may well be situations in future cases where questions as to whether an employer has requested an injured workman to submit himself for an examination at a "reasonable time," within the meaning of that term as used in 44-515, *supra,* and as to whether an employee's refusal to submit to an examination at such a time suspends his right to payment of compensation under an existing award, are questions of fact to be determined by the trial court on the basis of controverted evidence. That, however, is not the situation in the instant case. Here the evidence, and there was none to the contrary, is all to the effect that within two days from the date on which, under the statute (44-523, *supra*), the Commissioner was required to file his award the defendant notified the plaintiff to appear for a further medical examination, the date fixed for such examination being eighteen days after the Commissioner was required to hand down the award. At the time of such notification, as we have heretofore pointed out, no application had been filed with the Commissioner to reopen the case, the parties to the compensation proceeding had not agreed in writing to extend the time for the filing of the award and neither of them had any reason to believe the award would not be filed within the time required by law. Moreover, the parties knew that even if the plaintiff had appeared on February 2, 1960, as required in the notice of January

13, 1960, it was then too late for any medical testimony relating to his condition to be used in the proceeding which had been closed and finally submitted to the Commissioner for an award. They also knew, or if they did not know were bound to know, that unless otherwise changed by law, the obligation fixed by the terms of the award became final when it was rendered. (See *Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 289, 303 P. 2d 168.)

Without further laboring the subject it suffices to say that when the entire record is reviewed in the light of the heretofore related uncontroverted facts and circumstances, and what has been previously stated and held, we are constrained to hold as a matter of law that defendant's request that plaintiff submit himself for a further medical examination at Wichita on February 2, 1960, was unreasonable and improper; and that hence plaintiff's refusal to comply therewith did not effect a suspension, under the provisions of G. S. 1949, 44-518, of plaintiff's right to payments of compensation in accord with the Commissioner's award of February 5, 1960, until he had complied with the requirements of that request. It necessarily follows that the trial court's conclusion of law, heretofore quoted at length in this opinion, cannot be upheld and that its judgment must be reversed with directions to grant a new trial.

For a recent decision supporting the conclusions announced in this opinion, although it cannot be said to be a controlling precedent, see *Bentley v. State Department of Social Welfare,* 187 Kan. 340, 343, 356 P. 2d 791. See, also, *Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 289, 290, 303 P. 2d 168; *Miller v. Massman Construction Co.,* 171 Kan. 713, 720-722, incl., 237 P. 2d 373; *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 218-221, incl., 152 P. 2d 860; *Larrick v. Hercules Powder Co.,* 164 Kan. 328, 333, 188 P. 2d 639; *Dobson v. Apex Coal Co.,* 150 Kan. 80, 83, 91 P. 2d 5; *Austin v. Phillips Petroleum Co.,* 138 Kan. 258, 260, 25 P. 2d 581; *Paul v. Skelly Oil Co.,* 134 Kan. 636, 640, 7 P. 2d 73; *Lenon v. Standard Oil Co.,* 134 Kan. 289, 5 P. 2d 853.

The judgment is reversed.