No. 47,568

George Scott, *Appellee,* v. Day and Zimmerman, Inc., and Liberty Mutual Insurance Company, *Appellants.*

(532 P. 2d 1111)

Opinion filed March 1, 1975.

*Randall D. Palmer,* of Keller, Wilbert, Palmer and Lassman, of Pittsburg, argued the cause and was on the brief for the appellant.

*Morris D. Hildreth,* of Becker, Hildreth and Eastman, of Coffeyville, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This is an appeal from summary judgment in favor of the claimant in a workmen's compensation proceeding for a lump sum award under K. S. A. 44-512a.

On July 24, 1973, the trial court, upon appeal from a limited award of compensation entered by the director of compensation, found that appellee George Scott was totally and permanently disabled as a result of accidental injury arising out of and in the course of his employment with Day and Zimmerman, Inc., and it awarded compensation to Scott accordingly. Upon appeal by the employer and its insurance carrier to this court the judgment was affirmed (*Scott v. Day and Zimmerman, Inc.,* 215 Kan. 782, 529 P. 2d 679).

The facts pertinent to this appeal are undisputed. On August 16, 1973, there was due appellee from appellants under the foregoing judgment unpaid compensation in the amount of $5,489.00. Request by appellee for this amount was duly made by written demand served upon appellants August 17, 1973. The twenty day period provided by K. S. A. 44-512a for payment of the delinquent amount expired Thursday, September 6, 1973. Payment was not made within this period and appellee filed his petition for the total award Friday, September 7, 1973. The current amount due in weekly payments under the demand was tendered by appellants

on Monday, September 10, 1973, but was declined by appellee.

In their answer to appellee's 512a petition appellants explained their failure to pay appellee the sum due during the twenty day period: Shortly after the written demand was served Day and Zimmerman's insurance carrier, appellant Liberty Mutual Insurance Company, forwarded to appellants' then counsel certain drafts for delivery to appellee (present counsel for appellants entered the litigation in *Scott v. Day and Zimmerman, Inc.*, supra, only after judgment was rendered and notice of appeal was filed in this 512a case); upon receipt of such drafts appellants' attorneys determined they were not drawn for the proper amount due; by telephone appellants' attorneys requested confirmation from appellee's lawyers of the proper amount but this confirmation was refused until after the drafts were delivered; on August 28 and 29, 1973, additional drafts were sent by Liberty Mutual to appellants' attorneys for delivery to appellee; these drafts were received by appellants' attorneys August 29 and 30, 1973, but were "inadvertently placed in the file concerning said case in the office of defendant's attorneys and were not tendered to plaintiff's attorney until September 10, 1973. . . ."

Appellants' first point on appeal is that the judgment of the trial court is void because the court did not, either orally or in writing, state the controlling facts upon which appellee's motion for summary judgment was decided, contrary to K. S. A. 60-252 (*a*) and rule 116 of this court (214 Kan. xxxvii). By its own terms 60-252 (*a*) exempts summary judgment from its requirement that the trial judge state the controlling facts, this, of course, for the reason rendition of summary judgment is improper if the controlling facts are in dispute (it has been said that findings may well be helpful in making clear the basis for the trial court's decision and in indicating what that court understood to be the undisputed facts on which summary judgment was granted [9 Wright & Miller, Federal Practice and Procedure: Civil § 2575, pp. 692-693]).

Rule 116 is broader than 60-252 (*a*) in that it requires that in all contested matters submitted to a judge without a jury, the judge shall, in addition to stating the controlling facts required by 60-252, briefly state the legal principles controlling the decision (see *Duffin v. Patrick*, 212 Kan. 772, 512 P. 2d 442). In the case at bar the only judgment made by the trial judge consisted of the following entry in his minutes:

"1-2-74 The Court having received the briefs of the parties, reviewed the record and authorities, and being fully advised, finds that 'if compensation awarded is not paid when due, and service of written demand for payment has been made on the employer and its attorney of record, and said demand for payment . . . not made within 20 days from the date of service of the demand, the entire amount awarded shall become immediately due and payable.' The motion for summary judgment is sustained."

The last sentence above was recorded on the appearance docket and the amount of the total lump sum due appellee from appellants was entered in the judgment docket with the proper date and names of the parties. Appellants assert the court violated both the statute and the rule but they make no statement or showing they were left in the dark as to why the court ruled as it did.

If our record on appeal is correct part of the court's statement was somewhat garbled—obviously what was meant within the court's quotation marks was the provision of K. S. A. 44-512a that where "payment of said demand is thereafter . . . not made within twenty (20) days from the date of service of said demand . . . the entire amount of compensation awarded . . . shall become immediately due and payable". In effect the trial court was saying, "The statute fits—it is applied". We think the notation constituted substantial compliance with the rule—in any event our review is not inhibited by lack of a more comprehensive statement so no prejudice results.

Appellants' other contention is that the trial court erred in holding K. S. A. 44-512a applicable in the light of the factual allegations contained in their answer. Essentially they say there was no deliberate refusal or failure to pay within the twenty day period, rather the failure was the result of an inadvertent mistake and it is inequitable and unfair to apply 512a.

K. S. A. 44-512a (since amended) provided:

"That if any compensation awarded, agreed upon or adjudged under the provisions of the workmen's compensation act of this state or any installment thereof shall not be paid to the employee or other person entitled thereto when due, and service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same and on the attorney of record of such person, firm or corporation, payment of said demand is thereafter either refused or not made within twenty (20) days from the date of service of said demand, then the entire amount of compensation awarded, agreed upon or adjudged shall become immediately due and payable and said employee or other person entitled to said compensation may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt."

Appellants admit that a specified amount of compensation was due and owing and that payment was not made within the twenty day period following service of the written demand. The insurance carrier did make an effort to comply with the demand but through error and inadvertence of appellant's counsel timely payment was not made. Preliminarily, it may be noted that under K. S. A. 44-512a neither the claimant in a workmen's compensation proceeding nor his counsel was under obligation to advise the employer of the exact amount of compensation due (*Ryder v. Reagor*, 213 Kan. 576, 516 P. 2d 990). Thus the failure to make timely payment is solely chargeable to appellants. In *Casebeer v. Alliance Mutual Casualty Co.*, 203 Kan. 425, 454 P. 2d 511, this court stated:

". . . Without deviation, it has been held that if any compensation awarded shall not be paid when due, then, following service of the written demand provided for, continued nonpayment for twenty days thereafter accelerates the entire amount of compensation awarded, which immediately becomes due and payable, and the person entitled thereto may maintain an action to recover the specific amount in like manner as for the collection of a debt. [Citations.]

"The statute is the declared public policy of the state that compensation awards shall be promptly paid, and is the means selected by the Legislature to insure their enforcement and applies to all awards or judgments without the slightest qualification." (p. 431.)

The statute is applicable if after demand payment is "either refused or *not made*" (emphasis supplied) within twenty days. Appellant seeks to engraft an exception to its mandatory terms whereby failure to make timely payment may be excused for justifiable cause. The same argument was advanced and rejected in *Owen v. Ready Made Buildings, Inc.*, 181 Kan. 659, 313 P. 2d 267, wherein it was stated:

"Next it is argued that the statute should be construed as contemplating the phrase 'payment of said demand is either refused or not made' as meaning 'payment of said demand is refused or without cause is not made.' We think such a construction would read into the statute something that is not there. Even so there is no necessity for laboring the point. The answer to this contention appears in syllabus 3 and corresponding portions of the opinion (p. 289) [*Owen v. Ready Made Buildings, Inc.*, 180 Kan. 286, 303 P. 2d 168] where it is held and said that a failure to pay any part of the compensation awarded when due, including medical expenses, within two weeks from the date of service of the written demand, makes the entire amount of compensation awarded immediately due and payable." (p. 665.)

Appellants rely primarily on our holding in *Kraisinger v. Mammel Food Stores*, 203 Kan. 976, 457 P. 2d 678, to support the proposition

that where equity and fairness require, the mandatory language of the statute will not be followed. There the respondent's insurance carried had attempted to pay the award of compensation. It inquired of a medical center whether there was any outstanding balance in claimant's compensation account and had received a negative reply. Due to clerical error at the medical center a $75.00 charge had been posted to claimant's personal account instead of his compensation account which was being paid by the insurance carrier. The $75.00 bill remained unpaid. Thereafter claimant made a 512a demand for compensation due. After the statutory period had elapsed respondent and the insurance carrier were initially informed of the $75.00 delinquency. After receipt of the medical center's explanation of the clerical error respondent paid the amount due. This court denied recovery of a lump sum judgment under 512a because when the demand letter was served on respondent there was a zero balance owed at the medical center by reason of the clerical error; the medical center's mistake in thus admitting that payment had been made was held to be equivalent to an admission by claimant of payment and nothing was due in the eyes of the law.

In the recent case of *Ryder v. Reagor,* supra, this court iterated the explicit mandatory nature of K. S. A. 44-512a and that the employer has the burden of avoiding its effects after demand. We further said:

"We need not discuss our holding in *Kraisinger v. Mammel Food Stores,* 203 Kan. 976, 457 P. 2d 678, or *Criss v. Folger Drilling Co.,* supra. It is sufficient to say that each is 'indicative of the law as applied to the factual situations there confronting the court.' ( *Criss,* supra, p. 555.) Moreover, those cases stand for the proposition that neither an employee nor his counsel can affirmatively mislead the employer and his insurance carrier as to the facts surrounding payment of medical charges, and take advantage of a failure to pay such expenses within the statutory period." ( p. 579.)

Appellee here had nothing to do with the error which resulted in nonpayment within the statutory period. That lay solely on the other side.

We note the legislature has recently enacted major changes in the workmen's compensation act ( Laws 1974, Chap. 203). That portion pertinent to delinquent payment was amended ( § 20) and currently appears as K. S. A. 1974 Supp. 44-512a. Provision is made for civil penalties to be assessed against an employer or its insurance carrier for failure to make timely payments of compensation after demand for the same but the act contains nothing by way

of excusable cause for *failure* to pay within the prescribed twenty days. The legislature did not alleviate the strict mandate of the former act and the operational words "payment . . . not made" are retained as before.

Under the undisputed facts the trial court properly applied the statute. Judgment affirmed.

APPROVED BY THE COURT.