No. 47,175

Lottie Ryder, *Appellee,* v. Dorman L. Reagor, d/b/a Union Bus Depot and Trinity Universal Insurance Company, *Appellants.*

(516 P. 2d 990)

Opinion filed December 8, 1973.

*Phillip H. Schuley,* of Weary, Robertson, Schuley & Davis, of Junction City, argued the cause and was on the brief for appellants.

*Richard H. Seaton,* of Everett & Seaton, of Manhattan, argued the cause and was on the brief appellee.

The opinion of the court was delivered by

Fatzer, C. J.: This is an appeal from a lump-sum judgment entered in favor of the claimant in a workmen's compensation proceeding brought pursuant to K. S. A. 44-512a, for the failure of respondents to pay medical expenses awarded to the claimant. The matter was submitted to the district court upon a stipulation of facts. Those which are germane follow:

On January 8, 1970, Lottie Ryder, hereafter referred to as plaintiff, sustained an accidental injury arising out of and in the course of her employment. Plaintiff made application under the Workmen's Compensation Act to recover compensation and medical expenses from her employer, Dorman L. Reagor, d/b/a Union Bus Depot, and his insurance carrier, Trinity Universal Insurance Company, respondents. The claim was heard by a workmen's compensation examiner, and on July 13, 1971, an award of compensation was made in plaintiff's favor for 47 weeks of temporary total disability at the rate of $49 per week, and a 75 percent permanent partial general bodily disability for 368 weeks at the rate of $49 per week. The examiner's award also required respondents to pay all medical expenses plaintiff had incurred as a result of the injury, and pay future medical expenses in an amount not to exceed $500.

The award was reviewed and approved by the Director of Work-

men's Compensation on September 9, 1971. Thereafter, respondents appealed to the district court of Riley County. That court adopted the findings and award of the examiner as approved by the director, and entered judgment in favor of the plaintiff. No appeal was taken from that decision.

On June 6, 1972, plaintiff's attorney discovered a mistake in the calculation of compensation payments due plaintiff, and made demand upon the attorney for respondents by registered mail for the amount of compensation due and unpaid. The letter also demanded payment of various medical expenses, and stated:

"Enclosed are copies of medical bills or cancelled checks evidencing charges for medical treatment incurred by the claimant since the date of the award, July 15, 1971, as follows:

| | |
|---|---:|
| "Dr. Philip Hostetter | $26.00 |
| Dr. J. D. Coursen | 94.00 |
| Dr. Robert Olney | 6.00 |
| St. Marys Hospital | 50.88 |
| Dr. John Douthit | 85.08 |

"The award included a sum of $500.00 for further medical treatment and the above charges are payable out of that sum.

"Also enclosed is a copy of the bill of Dr. Roy B. Coffey, in the amount of $170.00. The award specifically referred to this bill and required the respondent and insurance carrier to pay it up to $100.00.

"There is also enclosed a copy of a bill of Dr. Roger Wallace, in the amount of $30.00 for services performed in connection with the injury prior to the time of the hearing and award. I do not believe this bill was submitted to you at that time because of the confusion caused by the intervening death of Dr. Wallace. The bill has been paid by Mrs. Ryder and since the award requires respondent and carrier to pay all medical expenses incurred as a result of the injury we are submitting this bill for payment, under the award."

After receiving the demand letter, Mr. Phillip Schuley, respondents' attorney, contacted Mr. Richard Seaton, plaintiff's attorney, by telephone. The attorneys differ on the substance of that telephone conversation. Accordingly, the recollection of both attorneys was set out in the stipulation of facts. Mr. Seaton's recollection is as follows:

". . . [T]he initial subject of the conversation, and the only one discussed at any length, was our demand for past weekly compensation payments in the amount of $1,127.00. We discussed at length the method by which I arrived at this figure. I explained in detail my calculations. Mr. Schuley indicated that his calculations had produced a total figure for unpaid weekly compensation which was approximately 1 week less than mine. He had used a different method of calculation and we discussed and compared our two methods at

some length. We did not resolve this one week difference between our totals over the telephone. Toward the end of the conversation Mr. Schuley asked whether, if the unpaid weekly compensation was paid, we would give him any trouble about the medical bills, I replied 'Not if you pay them.' At no time did Mr. Schuley ask for, nor did I agree to submit to him, any additional hospital or doctor's bills or other evidence of charges for medical treatment."

Except for the last sentence, Mr. Schuley's recollection accords with Mr. Seaton's account. It is Mr. Schuley's belief that after Mr. Seaton replied, "Not if you pay them," he inquired if Mr. Seaton would submit the doctor's statements and hospital bill to insure the bills were attributable to the employment related injuries. By Mr. Schuley's account, Mr. Seaton replied "OK" to this request, which concluded the conversation.

Subsequently, and on June 27, 1972, a draft was delivered to the office of plaintiff's attorney in the amount of $1,127 for the unpaid compensation. In conjunction with this payment, Mr. Schuley wrote Mr. Seaton requesting further statements of the enumerated medical charges. On August 16, 1972, plaintiff commenced an action under provisions of K. S. A. 44-512a to recover a lump-sum judgment for failure to pay the medical claims in question.

As previously indicated, the pertinent facts were stipulated by counsel, and thereafter plaintiff moved for summary judgment. The district court adopted Mr. Schuley's account of the telephone conversation, and found 1) the evidence failed to establish the plaintiff deliberately misled respondents, and 2) that plaintiff had not assumed the responsibility of itemizing *again* all of the medical expenses. The district court sustained plaintiff's motion, and entered a lump-sum judgment. From that judgment respondents have appealed.

Respondents contend the agreement arising out of the Seaton-Schuley telephone conversation provided a legal excuse for their failure to pay after written demand. Additionally, they assert that plaintiff assumed an affirmative duty to either furnish the additional information or notify them she would not do so before utilizing nonpayment of the medical expenses as a basis for acceleration. For reasons hereafter stated, we conclude acceleration of the compensation award pursuant to K. S. A. 44-512a was proper.

Section 44-512a has been construed and applied by this court in many cases. In accordance with the explicit and mandatory tone of the statute, we have consistently held that if any compensation

awarded is not paid when due, then, following service of a written demand, continued nonpayment for twenty days thereafter accelerates the entire award, which immediately becomes due and payable. A person entitled to the compensation may maintain an action to recover the total compensation awarded. (*Hallmark v. Dalton Construction Co.,* 206 Kan. 159, 476 P. 2d 221; *Kissick v. Salina Manufacturing Co., Inc.,* 204 Kan. 849, 466 P. 2d 344; *Casebeer v. Alliance Mutual Casualty Co.,* 203 Kan. 425, 454 P. 2d 511, and cases cited therein.) Medical expenses are part of compensation and the failure to pay such expenses can result in a lump-sum judgment. (*Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 303 P. 2d 168.) The decisions of this court clearly establish that under Section 44-512a it is the employer, not the employee, who is responsible for the passage of time within which to pay the accrued compensation and avoid the statutory acceleration. The employer has the burden of avoiding the effects following the 44-512a demand, and neither the employee nor his counsel is under any obligation to advise the employer of the exact amount due. (*Miller v. Massman Construction Co.,* 171 Kan. 713, 237 P. 2d 373; *Criss v. Folger Drilling Co.,* 195 Kan. 552, 407 P. 2d 497.)

We need not discuss our holding in *Kraisinger v. Mammel Food Stores,* 203 Kan. 976, 457 P. 2d 678, or *Criss v. Folger Drilling Co.,* supra. It is sufficient to say that each is "indicative of the law as applied to the factual situations there confronting the court." (*Criss,* supra, p. 555.) Moreover, those cases stand for the proposition that neither an employee nor his counsel can affirmatively mislead the employer and his insurance carrier as to the facts surrounding payment of medical charges, and take advantage of a failure to pay such expenses within the statutory period. In the instant case, the district court found plaintiff had not assumed any responsibility of itemizing *again* all medical expenses incurred by her subsequent to the award. Where the findings of fact made by the district court are based on substantial evidence, they are conclusive, and this court lacks the power to weigh the evidence and reverse those findings. (*Knoble v. National Carriers, Inc.,* 212 Kan. 331, 510 P. 2d 1274.)

The record shows respondents knew the actual amount of the medical bills, and that those bills were due and unpaid. The medical expenses in question were not paid by respondents until Oc-

tober 19, 1972—a period of four months and 13 days after plaintiff's demand. Clearly, the district court did not err in rendering a lump-sum judgment in favor of the plaintiff.

The judgment is affirmed.