No. 48,553

DONNA M. KELLY, *Appellee*, v. PHILLIPS PETROLEUM COMPANY, *Appellant.*
and

No. 48,073

DONNA M. KELLY, *Appellant*, v. PHILLIPS PETROLEUM COMPANY, *Appellee.*

(566 P.2d 10)

Opinion filed May 14, 1977.

*Thomas M. Van Cleave, Jr.,* of McAnany, Van Cleave & Phillips, P.A., of Prairie Village, argued the cause and was on the brief for appellant in appeal No. 48,553, and appellee in appeal No. 48,073.

*John E. Shamberg,* of Schnider, Shamberg & May, Chartered, of Kansas City, argued the cause, and *Victor A. Bergman,* of the same firm, was with him on the brief for appellee in appeal No. 48,553, and appellant in appeal No. 48,073.

The opinion of the court was delivered by

MILLER, J.: Case No. 48,553 was commenced by Donna M. Kelly against Phillips Petroleum Company under the provisions of K.S.A. 44-512a to recover a lump-sum judgment for all installment payments of a workmen's compensation award. The Wyandotte District Court, Division No. 6, sustained Mrs. Kelly's motion for summary judgment and Phillips appeals.

Case No. 48,073 is an appeal by Mrs. Kelly from the judgment of the Wyandotte District Court, Division No. 2, in the workmen's compensation case out of which the 512a action arose. Since the latter supersedes the former, we will first consider questions raised in the 512a action.

The principal issues before us are whether the supersedeas bond filed by Phillips was effective to prevent the entire award from becoming due; whether the demand letter sent on behalf of the claimant was sufficient under K.S.A. 44-512a; and whether that statute requires separate mailing or personal service of the demand letter upon the employer and its attorney of record.

Edgar Neal Kelly was for many years employed by Phillips Petroleum Company as a stillman at its refinery in the Fairfax area in Kansas City, Kansas. Early in 1968 he sustained injuries which we need not here detail, and he died on February 7, 1968. His widow, Donna M. Kelly, and two minor children, survived. Mrs. Kelly commenced proceedings before the workmen's compensation director on January 9, 1969. Her claim was stoutly opposed. Many hearings were held and many depositions were taken. On December 24, 1973, the examiner filed his award in which he granted compensation of $16,500 plus medical, hospital, and burial expenses. Over $15,000 of the compensation, plus medical, hospital, and burial expenses were found to be due as of the date the award was entered. The balance of compensation in the amount of $1,442.79 was ordered paid at the rate of $49 per week. The examiner's award was approved and sustained by the director on July 30, 1974. Phillips, a self-insurer, filed its notice of appeal to the district court on August 8, 1974. Phillips did not file a supersedeas bond at that time, or within 20 days after the director approved the award.

Counsel for claimant wrote a letter on August 23, 1974, addressed and mailed to Phillips Petroleum Company, c/o McAnany, Van Cleave & Phillips, 601 Minnesota Avenue, Kansas City, Kansas 66101. The letter demanded that Phillips pay the amount then due on the award which claimant's counsel calculated to be $18,703.45. The letter also stated:

". . . Failure to make total payment of the sum now due and owing under the award within the time specified by the Workmen's Compensation law will cause the entire award to be due and owing."

Thirty-one weeks passed between the day on which the ex-

aminer entered his award and the day on which the director approved it. Over three more weeks passed by the time the demand letter was mailed. The award called for payment of accrued compensation (as of December 24, 1973) in a lump sum, and the balance of $1,442.79 in weekly payments of $49 each. Simple mathematical calculation leads to the conclusion that *all of the award* had accrued and was payable before the date on which the demand letter was mailed.

The demand letter was sent by certified mail, was received by counsel's receptionist, and was delivered to Mr. Van Cleave, of McAnany, Van Cleave and Phillips, who were attorneys of record for Phillips throughout the workmen's compensation proceeding. Mr. Van Cleave responded on the following day. He enclosed a check from Phillips for $112, making the total compensation paid to that date amount to $784. This covered a ten-week period prior to the entry of the award, and weekly compensation thereafter. On September 7, 1974, Phillips paid the burial and medical expenses.

Mrs. Kelly commenced this proceeding by filing a petition in the district court of Wyandotte County on October 1, 1974. The petition cited and was drawn under the provisions of K.S.A. 44-512a. Phillips filed a supersedeas bond on October 3, 1974, in the workmen's compensation appeal. The bond was conditioned ". . . that [Phillips] will prosecute said appeal without unnecessary delay and satisfy the judgment which may be rendered against [Phillips] therein." Phillips filed its answer in the 512a action on November 3, 1974.

Claimant filed an amended petition on April 10, 1975, by which she sought to recover, in addition to the award, civil penalties of $100 per week to the date of judgment and attorneys' fees. This amended petition was obviously drawn in light of Laws of Kansas, 1974, chapter 203, sec. 20 (now K.S.A. 1976 Supp. 44-512a), which statute became effective on July 1, 1974. The amended petition was withdrawn upon oral motion of the claimant and by order of the trial court on May 7, 1975, and plaintiff thus abandoned her claims for civil penalties and attorneys' fees.

Claimant and respondent both filed motions for summary judgment, that of claimant being filed January 9, 1976, and that of the respondent, January 15, 1976. Each claimed that the plead-

ings, depositions, answers to interrogatories, and admissions on file, and stipulations and agreements made by the parties, together with the affidavits on file, showed that there was no genuine issue as to any material fact, and that the respective parties were entitled to judgment as a matter of law.

The court heard the motions on January 21, 1976. Two witnesses testified on behalf of the claimant. Thereafter, the parties submitted proposed findings of fact and conclusions of law, together with briefs. The trial court filed its findings of fact and conclusions of law April 9, 1976. Briefly stated, the court concluded that since Phillips is a self-insurer, the filing of a supersedeas bond, as provided by K.S.A. 44-556, *prior to the twentieth day after the service of the demand letter,* was essential to prevent the entire award from becoming due and owing; that the defendant failed to file a supersedeas bond on or before that date, September 17, 1974; since no bond was filed, the entire award became due and payable; that the demand letter was sufficient and that there was substantial compliance with K.S.A. 44-512a by the claimant in the service of the demand letter; that Phillips Petroleum Company had notice of claimant's demand letter prior to September 17, 1974; and that claimant was entitled to judgment for the balance of the award in the sum of $14,246, plus accrued interest and costs.

Before turning to the issues before us, we will first examine the applicable statutes. K.S.A. 44-512a provides in applicable part:

"That if any compensation awarded, agreed upon or adjudged under the provisions of the workmen's compensation act of this state or any installment thereof shall not be paid to the employee or other person entitled thereto when due, and service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same and on the attorney of record of such person, firm or corporation, payment of said demand is thereafter either refused or not made within twenty (20) days from the date of service of said demand, then *the entire amount of compensation awarded,* agreed upon or adjudged *shall become immediately due and payable and said employee or other person entitled to said compensation may maintain an action in any court of competent jurisdiction for the collection thereof* in like manner as for the collection of a debt." (Emphasis supplied.)

K.S.A. 1976 Supp. 44-512a effects many changes. It provides in part, as follows:

"(a) In the event any compensation, including medical compensation, which has been awarded under the workmen's compensation act, is not paid when due to

the person, firm or corporation entitled thereto, the workman shall be entitled to a civil penalty, to be set by the director and assessed against the employer or insurance carrier liable for such compensation, of not more than one hundred dollars ($100) per week for each week any disability compensation is past due, and in the sum of twenty-five dollars ($25) for each past due medical bill, if: (1) Service of written demand for payment, setting forth with particularity the items of disability and medical compensation claimed to be unpaid and past due, has been made personally or by registered mail on the employer or insurance carrier liable for such compensation, and its attorney of record; and (2) payment of such demand is thereafter refused or is not made within twenty (20) days from the date of service of such demand.

"(*b*) After the service of such written demand, if the payment of disability compensation or medical compensation set forth in the written demand is not made within twenty (20) days from the date of service of such written demand, plus any civil penalty, as provided in subsection (*a*) of this section, if such compensation was in fact past due, *then all past due compensation* and any such penalties *shall become immediately due and payable. The workman may maintain an action in the district court* which would have jurisdiction over an appeal of an award of compensation to the claimant, *for the collection of such past due disability compensation* and medical compensation, any civil penalties due under this section, and the reasonable attorneys' fees incurred in connection with the action." (Emphasis supplied.)

K.S.A. (now 1976 Supp.) 44-556 relates to appeals, and the furnishing of supersedeas bonds. Both the original and the amended sections read substantially as follows:

"(*a*) Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the director to the district court of the county where the cause of action arose. . . .

"(*b*) . . . Such appeal shall be taken and perfected by the filing of a written notice of appeal with the director within twenty (20) days after the decision . . . shall have [been] made and filed . . . No compensation shall be due or payable until the expiration of such twenty (20) day period and then *the payment of past due compensation awarded* by the director *shall not be payable, if within such twenty (20) day period notice of appeal to the district court has been filed and the right to appeal shall include the right to make no payments of such compensation until the appeal has been decided* by the district court if the employer is insured for workmen's compensation liability with an insurance company authorized to do business in this state or, *if the employer is a self-insurer, and has filed a bond with the district court in accordance with K.S.A. 44-530.* The perfection of an appeal to the district court shall not stay the payment of compensation due for the ten-week period next preceding the director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal." (Emphasis supplied.)

K.S.A. 44-530 must be considered in connection with the section which immediately precedes it, K.S.A. 44-529. The latter

statute provides in substance that after an award has been made, a workman may make application to the director for an award in lump sum equal to ninety-five per cent of the amount of payments due and unpaid, and if the director, after hearing evidence, is satisfied that the application is made because of doubt as to the security of the compensation, then the director may enter such lump sum award unless a proper insurance certificate or bond is provided by the employer.

K.S.A. 44-530 reads as follows:

"In any proceedings upon the application of a workman for judgment against his employer upon an award hereinbefore provided and before judgment has been granted, the employer may stay proceedings upon such application by filing with the clerk of said district court a bond to be approved by the clerk of said court undertaking to secure the payment of the compensation as in said award provided, or by filing with said clerk a certificate of a licensed or authorized insurance company or reciprocal or interinsurance exchange or association that the amount of compensation to the workman is insured by it."

We turn first to the question of the efficacy of the bond filed by Phillips on October 3, 1974. Phillips contends that since it filed its bond prior to the time judgment was rendered on the appeal, all payments except weekly compensation for ten weeks were stayed during the appeal. This argument overlooks the import of the statutes.

As we observed in *Teague v. George,* 188 Kan. 809, 365 P. 2d 1087, K.S.A. 44-529 and 530 were enacted together as part of the original act. These sections deal only with applications for lump-sum judgments, and, as is here pertinent, the form of a bond which may be filed. K.S.A. 44-556 governs the taking of appeals, and clearly provides that if the appellant is a self-insurer who wishes to stay the payment of past-due compensation, the self-insurer must, *within the twenty-day period after the entry of the director's award,* file a supersedeas bond in the form provided by K.S.A. 44-530. This Phillips did not do. Accordingly, the entire award became due and payable and the claimant was authorized to serve a written demand under K.S.A. 44-512a, as we held in *Griffith v. State Highway Commission of Kansas,* 203 Kan. 672, 456 P. 2d 21. There, the now Chief Justice Fatzer, speaking for the court, stated:

"Where an employer is a self-insurer as defined in K.S.A. 44-532, and perfects an appeal to the district court from the award of the director of workmen's compensation and thereafter fails to comply with the requirements of K.S.A.

44-556, *including* the payment of compensation to the workman and *the filing of a bond,* the Legislature intended that the workman be authorized to serve a written demand under K.S.A. 44-512a, and maintain an action to recover the entire amount of compensation matured by the employer's default, and *subsequent review by the district court of the amount of compensation awarded by the director's award may not be had, since service of the written demand and the employer's default supersede the director's award.*" (Emphasis supplied.) (Syl. 5.)

We hold that the supersedeas bond filed by Phillips was out of time and did not stay the award, which became due upon the expiration of the twenty-day period after the director approved it. The 512a demand letter and subsequent action did not cause the payments to be accelerated; they were already all due. The 512a demand letter and action simply constituted an alternative method of enforcing the award, which was available to the claimant.

We next turn to the question of the sufficiency of the demand letter sent on behalf of the claimant. Respondent, in effect, contends that the letter did not mention a supersedeas bond and therefore was misleading, and that the letter did not constitute a proper demand under K.S.A. 44-512a. We disagree.

The letter stated the specific amounts of compensation, burial benefits, and medical expenses which claimant calculated were then due, though the total amount claimed was in error. It stated the amount of compensation already paid, made demand for all compensation due, and stated that failure to make the total payment then due and owing within the time specified by the workmen's compensation law would cause the entire award to be due and owing. It set forth with particularity the items of compensation claimed to be unpaid and past due. Whether it be construed in the light of K.S.A. 44-512a, or K.S.A. 1974 Supp. 44-512a which was then applicable (see *Crow v. City of Wichita,* 222 Kan. 322, 566 P.2d 1), we conclude that the demand letter was itself sufficient.

Under K.S.A. 44-512a as it existed prior to the amendment, the claimant was not obligated to itemize the amounts which he claimed were due and payable; the burden was on the employer and compensation carrier to compute the amounts due and make payment within the twenty-day period. Simple letters, requesting payment of all due compensation, were held to comply with the statute. *Griffith v. State Highway Commission of Kansas,* supra; *Miller v. Massman Construction Co.,* 171 Kan. 713, 714, 237 P. 2d

373; *Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 215, 152 P. 2d 860.

As we said in *Ryder v. Reagor*, 213 Kan. 576, 579, 516 P. 2d 990:

". . . The employer has the burden of avoiding the effects following the 44-512a demand, and neither the employee nor his counsel is under any obligation to advise the employer of the exact amount due. (Citing cases.)"

This is no longer true. The claimant now has the burden under K.S.A. 1976 Supp. 44-512a to specify the items and amounts which he contends are due; this claimant Kelly did.

The claimant sought payment of the award; she did not seek a bond, and she was not proceeding under K.S.A. 44-529. At any rate, she was not obliged to advise Phillips of its option to file a supersedeas bond pursuant to K.S.A. 44-556 if it wished to delay payment of all past due compensation. The time for filing such a bond had passed. We conclude that the demand letter was sufficient.

We turn now to the final question presented in the 512a appeal, whether the claimant complied with the notice requirements of K.S.A. 44-512a in the mailing of her demand letter. The letter was addressed, as we have noted, to Phillips in care of its attorneys of record in the workmen's compensation case. It was sent by *certified,* not *registered,* mail. It was not addressed to the individual member of the law firm who had been handling the case.

The original enactment of this statute is found in Laws of Kansas, 1943, ch. 189, sec. 1, later codified as G.S. 1943 Supp. 44-512a. That portion of the statute relating to notice, or service of the demand letter, reads:

". . . [A]nd service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same . . ."

The statute was amended by Laws of Kansas, 1961, ch. 243, sec. 2, and included in the original Kansas Statutes Annotated as K.S.A. 44-512a. The pertinent language of the amendment reads:

". . . [A]nd service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same *and on the attorney of record of such person, firm or corporation* . . ." (Emphasis supplied.)

The most recent revision was made in Laws of Kansas, 1974,

ch. 203, sec. 20, now K.S.A. 1976 Supp. 44-512a. The provision now reads as follows:

". . . Service of written demand for payment . . . has been made personally or by registered mail on the employer or insurance carrier liable for such compensation, and its attorney of record . . ."

All three require service of the demand letter upon the employer or the insurance carrier; and since 1961, service has also been required upon its attorney of record. All three enactments require that service be made personally or by registered mail.

Is *certified* mail sufficient, though the statute specifies *registered* mail? We think it is. Certified mail has come into widespread usage since this section of the workmen's compensation law was enacted in 1943. Certified and registered mail have much in common: A distinctive number is assigned to the individual piece of mail; special delivery or restricted delivery is available; and a return receipt may be requested, which receipt discloses to whom, when, and where delivery was effected. The principal distinction between the two types of mail is that insurance coverage is available with registered mail, but not with certified mail. Thus, registered mail remains useful for the mailing of items having substantial value—bearer bonds, for example—but certified mail (because of its slightly lower rate) has largely replaced registered mail where the mail matter has no intrinsic value but delivery is important. A demand letter falls into the latter classification.

Both registered and certified letters are recognized by the public generally as indicia of importance. Both are treated as something special, of unusual consequence, significance, or value, by the postal employees and the public alike. We note that receipt of the demand letter before us was carefully entered in a ledger kept for just that purpose by counsel's receptionist. That ledger listed *all registered and certified* mail received by the firm. We conclude that mailing by certified mail constitutes substantial compliance with the statute, and is sufficient.

The service by certified mail upon the firm which was counsel of record for the employer, and received by an employee who was authorized to receive it, was sufficient service upon *counsel.* But does the act require separate service upon the employer? Respondent contends that it does.

The act originally required service upon the employer or in-

surance carrier only. Delay ensued in communication between employer and counsel. (See *Miller v. Massman Construction Co.*, supra.) The employer, or even the insurance carrier, could not be expected to recognize the import of the demand letter, and the consequences including acceleration (no longer true, and not here involved) of failing to comply with the demand. In order to alert counsel, the legislature in 1961 made service upon counsel a requirement.

Must the claimant in every instance mail two demand letters, one to the employer or insurance carrier at its home office and one to its attorney of record in the workmen's compensation proceeding?

The demand letter here was addressed to Phillips and mailed to it in care of its counsel of record. The trial court found—upon substantial evidence—that Phillips had notice of the demand letter prior to the expiration of the 20-day period. Counsel for Phillips responded to the letter on the day after it was received. Several payments from Phillips, covering medical, hospital, and burial expense, as well as compensation, were delivered within the 20-day period.

Throughout the workmen's compensation proceeding notice to counsel was, of course, notice to counsel's client. The purpose of the demand letter was to secure payment of the award, all of which was then due. While the better practice is to serve all persons—employer, insurance carrier, and counsel—by separate letter, we cannot say that a separate letter to Phillips was necessary in this case. Both Phillips and its counsel, as the trial court found, had notice. No prejudice is shown, and an additional mailing would have served no useful purpose.

We have carefully reviewed all of our prior cases involving section 512a, and find no case precisely in point. *Shinkle v. State Highway Commission*, 202 Kan. 311, 448 P. 2d 12, is perhaps the closest. There we held that service of the demand letter on the employer and the attorney of record for the employer and its insurance carrier was sufficient; that claimant need not separately serve the insurance carrier, having served its attorney of record—although the evidence indicated that by inadvertence the attorney had not notified the carrier, and it had *no notice* of the demand letter.

Since *Ellis v. Kroger Grocery Co.*, supra, we have consistently

held that section 512a, like the rest of the workmen's compensation act, should be liberally construed with a view of effecting its purpose. What was said in *Kraisinger v. Mammel Food Stores,* 203 Kan. 976, 457 P. 2d 678, relied upon by respondent, must be limited to the facts then before the court, as observed in *Ryder v. Reagor,* supra. Substantial compliance with the statute is sufficient.

The demand letter was addressed and mailed in substantial compliance with the statute. It was received and both Phillips and its counsel had notice. We hold that under these circumstances service of the demand letter was sufficient. The judgment must be affirmed.

Since under the doctrine of *Griffith v. State Highway Commission of Kansas,* supra, the 512a action supersedes the original workmen's compensation proceeding, affirmance of the judgment in the 512a action renders the workmen's compensation proceeding moot. Even so, we have carefully reviewed the record and briefs in the workmen's compensation action, and have concluded that the results here reached would ultimately have ensued had that action been the primary subject of our opinion.

The judgment of the district court in case No. 48,553 is affirmed, and the appeal in case No. 48,073 is dismissed.