(638 P.2d 999)
No. 53,159

Jo K. Lively, *Claimant,* v. MBPXL Corporation, *Appellee,* and Kansas Workmen's Compensation Fund, *Appellant.*

Opinion filed January 14, 1982.

*Stuart R. Collier* and *John C. Nodgaard,* of Arn, Mullins, Unruh, Kuhn & Wilson, of Wichita, for appellant.

*Frederick L. Haag,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for appellee.

Before Parks, P.J., Abbott and Rees, JJ.

Abbott, J.: This is an appeal in a workers' compensation case. At issue is the validity of a temporary order, entered after a preliminary hearing held in accordance with K.S.A. 1980 Supp. 44-534a, requiring the Kansas Workmen's Compensation Fund to pay temporary total disability benefits and medical expenses to the claimant. The dispute is between the employer, MBPXL Corporation (MBPXL), and the Kansas Workmen's Compensation Fund (Fund). The injured worker is not a party.

Procedurally, the case arose in the following manner: The claimant requested a preliminary hearing pursuant to K.S.A. 1980 Supp. 44-534a. The administrative law judge ordered MBPXL to pay temporary total disability benefits and medical expenses. The subsequent deposition of Dr. Thomas W. Kneidel led MBPXL to believe it had no obligation to the claimant under the Workmen's Compensation Act, and that either the claimant was entitled to receive compensation from the Fund or he was not entitled to receive compensation from anyone. MBPXL thereupon filed a motion requesting that benefits to the claimant be terminated. That motion was denied by the administrative law judge, but responsibility for the payments was transferred to the Fund.

The Fund requested a director's review; the Workers' Compensation Director reversed the administrative law judge and ordered MBPXL to pay the benefits. The director reasoned:

"Although Director's Rule 51-15-2 provides that a preliminary award *may* be entered against the Workmen's Compensation Fund, that rule does not appear to

contemplate the type of case presently before the Director. The rule apparently contemplates cases in which there is no employer that can be found and brought before the Administrative Law Judge or an employer who does not have the present ability to pay compensation. It could possibly apply to a case in which it appears without doubt that the disability is clearly attributable to a pre-existing condition. This would be an exceptional case. The respondent may be entitled to some relief from the Workmen's Compensation Fund, however, in order to arrive at that conclusion, it is generally necessary to present extensive evidence on medical issues in the case. Preliminary awards do not contemplate a complete trial of an issue such as the liability of the Workmen's Compensation Fund. The statute providing for preliminary awards (K.S.A. 44-534a) provides that the only two issues to be heard on the preliminary hearing are whether the claimant is entitled to temporary total disability and whether he is entitled to be provided medical treatment at the employer's expense. The law does not specifically state that the Workmen's Compensation Fund liability is an issue for trial at a preliminary hearing. The Director's Rule allowing an award against the Workmen's Compensation Fund following a preliminary hearing should generally come into play when it is necessary because of no solvent employer or in some unusual instance if it is obvious that the Fund is responsible.

"The Director feels that it is questionable to say that the award against the Fund would exceed the authority of the Administrative Law Judge, however, the Director feels that it is better practice not to order payment by the Fund except as set out above."

MBPXL appealed to the Sedgwick County District Court from the director's award. The trial judge reversed the director and reinstated the award of the administrative law judge. He held that preliminary orders are not appealable or reviewable by the Workers' Compensation Director or a district court except in instances where the administrative law judge did not have jurisdiction to enter the preliminary order. This appeal by the Fund followed.

Our Supreme Court has stated that "[t]he Workmen's Compensation Act is complete and exclusive within itself in establishing procedures covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, including procedures which pertain to appeals . . . ." *Kissick v. Salina Manufacturing Co., Inc.,* 204 Kan. 849, Syl. ¶ 3, 466 P.2d 344 (1970). At issue in this case is K.S.A. 1980 Supp. 44-534a. Thus, we must look to the act itself for guidance.

K.S.A. 1980 Supp. 44-534a provides in pertinent part that:

"(a) . . . . Upon a preliminary finding that the injury to the employee is compensable and in accordance with the facts presented at such preliminary hearing, *the director* or administrative law judge may make a *preliminary award* of medical and temporary total disability compensation to be in effect pending the

conclusion of a full hearing on the claim. . . . No such preliminary findings or preliminary awards shall be *appealable* by any party to the proceedings, and the same shall not be binding in a full hearing on the claim, but shall be subject to a full presentation of the facts." (Emphasis supplied.)

The director, citing as authority the above statute and his authority to adopt and promulgate such rules and regulations as he shall deem necessary for the purposes of administering and enforcing the provisions of the Workmen's Compensation Act (K.S.A. 1980 Supp. 44-573), adopted two regulations. The Fund argues that those regulations, K.A.R. 51-15-2 and 1980 Supp. 51-3-5a, go beyond the director's rule-making authority, that they are contrary to statutory law and are in conflict with other rules made by the director. The pertinent parts of the challenged rules are: "The examiner may award compensation against the workmen's compensation fund following a preliminary hearing if the fund was properly impleaded and given the statutory notice of the hearing." K.A.R. 51-15-2. "Where an examiner has entered a preliminary award, no director's review pursuant to K.S.A. 44-551, shall be entertained except where it is believed the examiner did not have jurisdiction to enter the award." K.A.R. 1980 Supp. 51-3-5a.

The Fund argues that K.A.R. 1980 Supp. 51-3-5a is in direct conflict with K.S.A. 1980 Supp. 44-551 and its counterpart K.A.R. 51-18-2. That statute and the director's rule provide that all acts, findings, awards, decisions, rulings or modifications of findings or awards made by an administrative law judge are subject to the director's review and approval upon written request of any interested party. The Fund contends that if the legislature had intended for a preliminary hearing to be nonreviewable by the director, the legislature would have amended K.S.A. 1980 Supp. 44-551. The Fund also contends the prohibition against appeals of a preliminary award in K.S.A. 1980 Supp. 44-534a applies to appeals to the district court and was not intended by the legislature to prevent reviews by the director. MBPXL counters that the director has authority to adopt and promulgate rules for the purpose of administering and enforcing the Workmen's Compensation Act; that the Kansas Supreme Court has previously held that the director may "fill the gap" with a rule (*Knoble v. National Carriers, Inc.,* 212 Kan. 331, 510 P.2d 1274 [1973]); and that the catch-all phrase in K.S.A. 1980 Supp. 44-566a($e$)(4), which states that the Workmen's Compensation Fund shall be

liable for any other payments or disbursements provided by law, authorizes the award.

Underlying this dispute is the fact the legislature has provided that if a preliminary award has been paid by the employer or the employer's insurance carrier, and the award is subsequently reduced or disallowed upon a full hearing, the Fund will reimburse the employer and employer's insurance carrier pursuant to K.S.A. 1980 Supp. 44-534a(*b*). The legislature did not provide that the Fund would be reimbursed by the employer and employer's insurance carrier if the Fund paid a preliminary award that is subsequently determined to be the obligation of the employer and employer's insurance carrier.

The Fund also argues there is no statutory authority for that part of K.A.R. 51-15-2 that authorizes the administrative law judge to award compensation against the Fund following a preliminary hearing. Legislative intent is not precise in the areas complained of. Legislative intent is crystal clear, however, that no appeal can be taken to the district court or to this court from a temporary award arising out of a preliminary hearing (K.S.A. 1980 Supp. 44-534a). Thus, neither this court nor the district court has jurisdiction to decide the issues. As we view the problem the Fund was confronted with, the only remedy available would have been a mandamus action against the director.

The legislature, if it desires to do so, will have an opportunity to clarify its intent in the current session.

Reversed and remanded to the district court with directions to dismiss the appeal for lack of jurisdiction.