(836 P.2d 1185)

No. 66,786

GEORGE STOUT, *Claimant/Appellee*, v. STIXON PETROLEUM, *Respondent/Appellant,* and UNITED STATES FIDELITY & GUARANTY COMPANY, *Insurance Carrier/Appellant.*

Opinion filed July 2, 1992.

*Kim R. Martens,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for appellants.

*Beth Regier Foerster,* of McCullough, Wareheim & LaBunker, P.A., of Topeka, for appellee.

Before PIERRON, P.J., BRAZIL, J., and DONALD L. WHITE, District Judge Retired, assigned.

PIERRON, J.: In a workers compensation case, Stixon Petroleum (Stixon) and United States Fidelity and Guaranty Company (USF&G) (respondents-appellants) appeal a judgment of the district court awarding George Stout (claimant-appellee) $7,500 in civil penalties pursuant to K.S.A. 1991 Supp. 44-512a because of the appellants' failure to pay compensation that had been awarded to Stout.

George Stout was injured while working as an employee of Stixon in March 1988. Stout filed an application for a preliminary hearing, seeking temporary total and/or medical benefits pursuant to K.S.A. 1991 Supp. 44-534a. A preliminary hearing was held before an administrative law judge (ALJ) on November 14, 1989. After hearing argument by the parties, the ALJ ordered the appellants to pay Stout temporary total compensation of $256 per week, retroactive from August 19, 1989, and continuing until the completion of a vocational rehabilitation plan. The order's effective date was November 15, 1989. See K.S.A. 44-525(a). Stout sent two certified letters dated November 20, 1989, demanding payment of the ordered compensation, one of which was received by Stixon's counsel on November 21, 1989, and the other by USF&G on November 22, 1989.

On November 27, 1989, the appellants filed a timely application for director's review of the ALJ's preliminary hearing order. On January 19, 1990, the director issued an order finding that the preliminary hearing order was not reviewable and so would remain in full force and effect. On January 20, 1990, the appellants paid Stout $5,632, representing 22 weeks of temporary total disability compensation due for the period from August 19, 1989, through January 20, 1990.

Stout filed an application for penalties pursuant to K.S.A. 1991 Supp. 44-512a. The ALJ issued an order assessing a penalty of

$7,500 against the appellants without explanation of his computations.

The appellants filed an application for director's review of the order assessing a penalty. The director issued an order affirming that a penalty was due, but reducing its amount to $1,095.68. The penalty amount arrived at was based on a computation of 8 percent of the $256 per week of temporary total disability benefits times 53.5 weeks. The director determined that compensation was 53.5 weeks past due by "pyramiding" the number of weeks between November 14, 1990, (the date of the preliminary hearing order to pay the compensation) and January 20, 1990 (the date compensation was finally paid).

Stout filed a petition for judicial review of the director's order. In a journal entry filed on April 9, 1991, the district court affirmed the award of a penalty, but in the amount of $7,500. The district court dated the period of time for which compensation was past due from August 19, 1989, the date from which benefits were back-dated. The court found that compensation was unpaid for 22 weeks between August 19, 1989, and January 20, 1990. By pyramiding these 22 weeks, the court found 262.46 weeks subject to penalty. The court multiplied these 262.46 weeks times 11 percent of the $256 weekly benefit rate to arrive at its total penalty of $7,500.

Stixon and USF&G appealed following the denial of their motion to alter or amend.

The first issue to be addressed is whether the district court lacked jurisdiction to award a penalty under K.S.A. 1991 Supp. 44-512a. The appellants maintain no compensation was due because there had not yet been a final award when Stout's demand letters were sent, and so the demand letters were premature and ineffectual. They also argue that their requests for review of the ALJ's preliminary order, first to the director of workers compensation and later to the district court, stayed the requirement to pay any compensation until these actions for review were determined.

It would initially be useful to consider the statutory framework involved in this case. K.S.A. 1991 Supp. 44-512a imposes civil penalties when an employer or its insurance carrier fail to pay

compensation to a workers compensation claimant when due. K.S.A. 1991 Supp. 44-512a provides, in pertinent part:

"(a) In the event any compensation, including medical compensation, which has been awarded under the workers compensation act, is not paid when due to the person, firm or corporation entitled thereto, the employee shall be entitled to a civil penalty, to be set by the director and assessed against the employer or insurance carrier liable for such compensation in an amount of not more than $100 per week for each week any disability compensation is past due and in an amount for each past due medical bill equal to the larger of either the sum of $25 or the sum equal to 10% of the amount which is past due on the medical bill, if: (1) Service of written demand for payment, setting forth with particularity the items of disability and medical compensation claimed to be unpaid and past due, has been made personally or by registered mail on the employer or insurance carrier liable for such compensation and its attorney of record; and (2) payment of such demand is thereafter refused or is not made within 20 days from the date of service of such demand.

"(b) After the service of such written demand, if the payment of disability compensation or medical compensation set forth in the written demand is not made within 20 days from the date of service of such written demand, plus any civil penalty, as provided in subsection (a), if such compensation was in fact past due, then all past due compensation and any such penalties shall become immediately due and payable. Service of written demand shall be required only once after the final award. Subsequent failures to pay compensation, including medical compensation, shall entitle the employee to apply for the civil penalty without demand."

Before a penalty may be imposed, the statute essentially requires (1) an award of compensation which is due and payable, but has not been paid, (2) service of a written demand for payment, and (3) the passage of 20 days from the service of demand without payment of the compensation due. K.S.A. 1991 Supp. 44-512a.

The appellants contend compensation was not yet due when Stout's demand letter was sent. They rely on K.S.A. 1991 Supp. 44-551(b)(1), which states, in pertinent part:

"All acts, findings, awards, decisions, rulings or modifications of findings or awards made by an administrative law judge, shall be subject to review and approval by the director upon written request of any interested party within 10 days and if no such request is made, then the director shall approve such actions, findings, awards, decisions, rulings or modifications of findings or awards of the administrative law judge. The filing of such a request for review shall not be a prerequisite to judicial review as provided for in K.S.A. 44-556 and amendments thereto."

In *Harper v. Coffey Grain Co.,* 192 Kan. 462, 388 P.2d 607 (1964), the workers compensation examiner filed his award on April 9, 1963. The claimant made a demand upon the respondent three days later. The court held:

"Until a workmen's compensation award becomes the final award of the workmen's compensation commissioner (now director) it is not due the claimant. Thus, before a claimant may invoke the provisions of [K.S.A. 44-512a] as construed by this court, the compensation awarded must be the final award of the director.

. . . .

"In effect, what the court has said in construing 44-551, *supra,* is that an award of the examiner does not become a final award of the director until the expiration of ten days after it is filed, or until a request for review, filed within the ten-day period by an interested party, is determined by the director.

. . . .

"Applying the foregoing statutes as construed to the facts in the instant case, we hold there has been no final award entered by the director in the workmen's compensation proceedings. Therefore, the claimant's demand for payment pursuant to the provisions of 44-512a, *supra,* was premature and ineffectual to authorize an action for a lump sum judgment." 192 Kan. at 466-69. See *Cramer v. Blankenship Painting & Decorating Co.,* 197 Kan. 360, 416 P.2d 255 (1966).

In effect, the court found that, for the purposes of 44-551, the ALJ's award was not a final award and due until the 10 days allowed for the director's review had passed or, if review was requested by the employer, until determined by the director.

The award favoring Stout was effective on November 15, 1989. He sent his demand letters on November 20, 1989, less than 10 days from the date of the award. Stout's claim for compensation would then seem to have been premature.

In countering this argument Stout relies upon K.S.A. 1991 Supp. 44-534a. K.S.A. 1991 Supp. 44-534a provides, in pertinent part:

"(a) After filing an application for a hearing pursuant to K.S.A. 44-534 and amendments thereto, the employee may make application for a preliminary hearing, in such form as the director may require by rules and regulations, on the issues of the furnishing of medical treatment and the payment of temporary total disability compensation and for any matter relative to the furnishing of vocational rehabilitation in accordance with and subject to the provisions of K.S.A. 44-510g and amendments thereto. . . . Upon a preliminary finding that the injury to the employee is compensable and in

accordance with the facts presented at such preliminary hearing, the director or administrative law judge may make a preliminary award of medical compensation and temporary total disability compensation *to be in effect pending the conclusion of a full hearing on the claim.* If temporary total compensation is awarded, such compensation may be ordered paid from the date of filing the application, except that if the administrative law judge finds from the evidence presented that there were one or more periods of temporary total disability prior to such filing date, temporary total compensation may be ordered paid for all periods of temporary total disability prior to such date of filing. The decision in such preliminary hearing shall be rendered within five days of the conclusion of such hearing. *No such preliminary findings or preliminary awards shall be appealable by any party to the proceedings, and the same shall not be binding in a full hearing on the claim, but shall be subject to a full presentation of the facts."* (Emphasis added.)

Stout seems to argue that K.S.A. 1991 Supp. 44-534a, by making preliminary awards unappealable until after conclusion of the "full hearing," has eliminated the judicially created requirement of a 10-day waiting period before a demand letter is effective.

It seems clear that the legislature, in making a preliminary award "unappealable" until after conclusion of a full hearing on the claim, also intended to prohibit any request for the director's review of a preliminary award. A request for the director's review is essentially an appeal to the director. K.S.A. 1991 Supp. 44-534a, being a more specific statute, takes precedence over 44-551, which authorizes a director's review upon the request of any interested party within 10 days. The legislature's intent has since been more expressly formalized by amendments to 44-551 forbidding the director's review of a preliminary award except where the jurisdiction of the court is at issue. K.S.A. 1991 Supp. 44-551(b)(2)(A).

We agree with the appellee's position that the judicially created 10-day waiting period, which could serve now only as a trap for the unwary, is not a requirement where a preliminary award is involved, for an effective demand. A preliminary award is due when entered and so Stout's demand was not premature.

The second issue raised is whether payment of compensation was stayed by the appellants' application for review of the preliminary order.

The appellants contend that, pursuant to K.S.A. 1991 Supp. 44-556, payment of compensation had been stayed, and so was not due. K.S.A. 1991 Supp. 44-556 states, in relevant part:

"(a) Any action of the director pursuant to the workers compensation act shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions. . . .

"(b) On any such review the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require. *No compensation shall be due or payable until the expiration of the time for commencing an action for review and then the payment of past due compensation awarded by the director shall not be payable if, within such time a petition for review, has been filed in accordance with the act for judicial review and civil enforcement of agency actions.* Except as otherwise provided by this section, the right of review shall include the right to make no payments of such compensation until the review has been decided by the district court if the employer is insured for workers compensation liability with an insurance company authorized to do business in this state, if the employer is maintaining membership in a qualified group-funded workers compensation pool under K.S.A. 44-581 through 44-591 and amendments thereto, if the employer is maintaining membership in a group-funded pool under the Kansas municipal group-funded pool act which includes workers compensation and employers' liability under the workers compensation act, or if the employer is currently approved by the director as a self-insurer and has filed a bond with the district court in accordance with K.S.A. 44-530 and amendments thereto. *Commencement of an action for review shall not stay the payment of compensation due for the ten-week period next preceding the director's decision and for the period of time after the director's decision and prior to the decision of the district court on review.*" (Emphasis added.)

In light of K.S.A. 1991 Supp. 44-556, it has been held that no compensation is ordinarily due and payable until expiration of the time allowed for filing a petition for judicial review. (Thirty days from the date of service of a director's order. K.S.A. 1991 Supp. 44-556a; K.S.A. 77-613[b]). See *Hallmark v. Dalton Construction Co.,* 206 Kan. 159, 161, 476 P.2d 221 (1970). If a petition for judicial review is filed within the time allowed for appeal, no compensation is ordinarily due and payable until the appeal is decided by the district court if the other statutory conditions are met. Any demand filed within 30 days from service of the order is, in the proper circumstances, ineffectual as a predicate for a 44-512a action. See *Hallmark,* 206 Kan. at 161-62.

The statute does, it should be noted, expressly indicate that payment of compensation due for the 10-week period next preceding the director's decision and for the period of time after the director's decision and prior to the decision of the district court

on review is *not stayed*. K.S.A. 1991 Supp. 44-556(b). There is no indication the appellants made such payments. The case law indicates that, while the payment of this compensation is not a prerequisite to an appeal to the district court, *Kissick v. Salina Manufacturing Co., Inc.*, 204 Kan. 849, Syl. ¶ 4, 466 P.2d 344 (1970), it is a prerequisite to invoking the stay. See *Casebeer v. Alliance Mutual Casualty Co.*, 203 Kan. 425, 433, 454 P.2d 511 (1969).

In the present case, however, we find the stay provisions of K.S.A. 1991 Supp. 44-556 were simply not applicable. The clear legislative purpose in enacting K.S.A. 1991 Supp. 44-556 was to stay payment of compensation until the employer perfected his appeal to the district court in order to permit that court to determine the validity and amount, if any, of the compensation awarded. See *Hallmark*, 206 Kan. at 163 (Fatzer, J., dissenting). A preliminary order pursuant to K.S.A. 1991 Supp. 44-534a is expressly made not subject to appeal to the district court. "Legislative intent is crystal clear, however, that no appeal can be taken to the district court or to this court from a temporary award arising out of a preliminary hearing (K.S.A. 1980 Supp. 44-534a)." *Lively v. MBPXL Corp.*, 7 Kan. App. 2d 204, 207, 638 P.2d 999 (1982). Because no appeal of a K.S.A. 1991 Supp. 44-534a preliminary order may be had, the legislature cannot have intended to stay compensation while awaiting expiration of the time to commence an appeal. Furthermore, K.S.A. 1991 Supp. 44-566 by its terms, only applies to "any action of the director." No action of the director was involved here. We find that the stay of compensation provided for by K.S.A. 1991 Supp. 44-556 was not available to the appellants for the reasons cited. Compensation was due and the demand letter was not premature.

"The overriding purpose of the Workers Compensation Act is to secure prompt payment to injured employees of the benefits provided for under its terms." *Hatfield v. Wal-Mart Stores, Inc.*, 14 Kan. App. 2d 193 196-97, 786 P.2d 618 (1990). The intent of the legislature in enacting K.S.A. 1991 Supp. 44-534a, providing for a summary procedure under which benefits can be granted to a claimant and making any order nonreviewable until time of the final full hearing, seems clearly to have been directed toward insuring that the claimant did not become destitute or succumb

to pressures for a quick settlement while awaiting a final decision in his case. If the ALJ's award is later found to be erroneous, the employer or his insurer are reimbursed for any erroneous payments by the workers compensation fund. K.S.A. 1991 Supp. 44-534a(b). If the statutory interpretations sought by the respondents were affirmed, these legislative purposes would clearly be frustrated.

The last issue is whether the district court erred as a matter of law in determining the number of weeks disability compensation was past due when computing penalties under K.S.A. 1991 Supp. 44-512a.

Since 1988, the director of workers compensation has taken the position that what is commonly referred to as "pyramiding" is authorized by K.S.A. 1991 Supp. 44-512a when computing the number of weeks for which a penalty will be assessed. As one observer describes it:

"The concept of pyramiding involves computation of the number of weeks of penalties due by establishing the number of weeks (and parts, expressed as a decimal) of benefits due, and then counting the number of weeks each of those weeks are past due. After determining the number of weeks each individual week of compensation is past due, those totals are then added, resulting in a total number of weeks of penalties.

"Thus, if four weeks of compensation are past due for a period of ten weeks following the last week of compensation, forty-six weeks of penalties are mandated by the statute. In such a case, the first week of compensation is past due for thirteen weeks; the second for twelve weeks; the third for eleven weeks, and the fourth for ten weeks. Consequently, although only four weeks of compensation were past due for ten weeks, a total of forty-six weeks of penalties must be assessed." Miller, *Workers Compensation Penalties Under K.S.A. 44-512a: Recent Interpretation by Director Anderson,* 12 J.K.T.L.A., No. 6, 23 (1989).

The appellants contend this practice of pyramiding weeks is not authorized by the plain language of K.S.A. 1991 Supp. 44-512a. They argue the district court also erred in computing compensation as past due from the date of the back-dated award, August 19, 1989, rather than from the date of the ALJ's preliminary order, November 14, 1989.

K.S.A. 1991 Supp. 44-512a states that the person entitled to compensation shall be entitled to a civil penalty "of not more

than $100 *per week for each week any disability compensation is past due.*" (Emphasis added.)

"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. [Citation omitted.]" *Director of Taxation v. Kansas Krude Oil Reclaiming Co.,* 236 Kan. 450, 455, 691 P.2d 1303 (1984). " 'The fundamental rule of statutory construction is that the intent of the legislature governs. [Citation omitted.] When construing a statute, a court should give words in common usage their natural and ordinary meaning.' [Citation omitted.]" *Creamer v. Kansas Dept. of Revenue,* 15 Kan. App. 2d 573, 575, 812 P.2d 330 (1991).

We interpret the language of the statute to mean that compensation is not past due until it is awarded by the ALJ. Therefore, the penalty award in this case should be dated only from the effective date of the ALJ's order, November 15, 1989, and not from the date of the initial back-dated award.

We further find the language "for each week any disability compensation is past due" precludes pyramiding. In order to allow pyramiding the language would need to read "for each and every week that each and every week's payment of disability compensation is past due." The director of workers compensation, in justifying pyramiding, was clearly concerned with the reduced deterrent effect of a lesser penalty. While this is a legitimate concern, it is the responsibility of the legislature to determine whether and how to address it.

We find for the appellants on this issue, reducing the penalty awarded from $7,500 to $971 ($100 per week times 9.71 weeks past due counting from November 15, 1989, to January 20, 1990).

Affirmed in part, reversed in part, and remanded with directions to enter a new penalty award.