(861 P.2d 1355)

No. 68,441 [1]

BETH ANN WALN, *Claimant/Appellee*, v. CLARKSON CONSTRUCTION COMPANY, *Respondent/Appellant*, and ROYAL INSURANCE COMPANY, *Insurance Carrier/Appellant*.

Opinion filed June 25, 1993.

*John David Jurcyk* and *Douglas M. Greenwald*, of McAnany, Van Cleave & Phillips, P.A., of Lenexa, for appellants.

*James M. Sheeley*, of Kansas City, for appellee.

Before BRAZIL, P.J., ELLIOTT, J., and ROBERT J. SCHMISSEUR, District Judge, assigned.

SCHMISSEUR, J.: Claimant Beth Ann Waln filed a workers compensation action against her employer, respondent Clarkson Construction Company (Clarkson). Clarkson and its insurance carrier appeal from a district court order which reversed the Director of Workers Compensation and reinstated an Administrative Law Judge's (ALJ) order assessing penalties pursuant to K.S.A. 1992 Supp. 44-512a. We reverse and remand with directions.

The facts are well known to the parties and will be cited here only as is necessary to identify the issues.

Clarkson appealed to the Director from an ALJ order directing payment of additional temporary total disability benefits during a second vocational rehabilitation evaluation. Clarkson did not pay the benefits while the appeal was pending but promptly paid the same lump sum when the Director upheld the ALJ ruling.

While the Director's appeal was pending, Waln sent a demand letter to Clarkson for the benefits. After the payments were made, Waln sought an assessment of penalties for late payment pursuant to K.S.A. 1992 Supp. 44-512a. After a hearing, the ALJ denied the application for penalties. Waln then filed a motion for rehearing on her application for penalties. The rehearing was held, and the ALJ assessed penalties pursuant to K.S.A. 1992 Supp. 44-512a in the amount of $40,320, using a pyramid formula.

Clarkson filed an application for Director's review of the penalty award, alleging numerous errors including lack of jurisdiction to rehear the penalty application after the initial ruling. The Director held the ALJ order imposing penalties was void *ab initio* because the ALJ had no authority to rehear a matter already ruled upon. The district court reversed the Director and reinstated the ALJ penalty award.

Waln contends this court has no jurisdiction over this appeal because the penalty order was preliminary in nature and, under K.S.A. 1992 Supp. 44-534a(a), preliminary findings and awards are not appealable. *Lively v. MBPXL Corp.*, 7 Kan. App. 2d 204, 638 P.2d 999 (1982). Clarkson did not address this issue in its brief.

Preliminary orders and awards are not appealable because they are not binding at the full hearing on a claimant's compensation claim. K.S.A. 1992 Supp. 44-534a(a). K.S.A. 1992 Supp. 44-534a(b) provides that an employer or insurer can recover payments made pursuant to a preliminary order if the award is reduced or totally disallowed at the full hearing on the claim.

K.S.A. 1992 Supp. 44-512a provides a procedure quite independent of K.S.A. 1992 Supp. 44-534a whereby a claimant can seek assessment of civil penalties against recalcitrant employers and insurers. Though interrelated to the extent they both arise from the same injury, compensation proceedings and 44-512a actions are separate and distinct. *Crow v. City of Wichita*, 222 Kan. 322, 332, 566 P.2d 1 (1977).

This court reviewed assessment of 44-512a penalties prior to entry of a final award in *Stout v. Stixon Petroleum,* 17 Kan. App. 2d 195, 836 P.2d 1185, *rev. denied* 251 Kan. 942 (1992). In *Stout,* an ALJ assessed penalties because the respondent failed to make temporary total payments pursuant to a K.S.A. 1991 Supp. 44-534a preliminary award. 17 Kan. App. 2d at 196-97. No final award had been issued in the case at the time judicial review of the Director's order affirming assessment of penalties commenced.

K.S.A. 1992 Supp. 44-551(b)(1) and (2)(A) make all ALJ acts reviewable by the Director except preliminary awards made pursuant to K.S.A. 1992 Supp. 44-534a. K.S.A. 1992 Supp. 44-551(b) does not preclude review of K.S.A. 1992 Supp. 44-512a penalty assessments made prior to entry of a final award. This court has jurisdiction to hear this appeal.

The next question is whether the ALJ had jurisdiction to conduct a rehearing on the application for assessment of penalties. This is a question of law. This court may substitute its judgment for that of the trial court. *Reeves v. Equipment Service Industries, Inc.,* 245 Kan. 165, 173, 777 P.2d 765 (1989).

The ALJ originally denied the application for penalties in an order dated February 16, 1990. Waln did not apply for Director's review of that order within 10 days as provided in K.S.A. 1992 Supp. 44-551(b)(1). Waln did file a request for a rehearing of her application for penalties on March 2, 1990. On rehearing, the ALJ assessed penalties.

There is no provision in the Workers Compensation Act for motions for new trial, rehearing, or other post-judgment motions. *Norcross v. Pickrell Drilling Co.,* 202 Kan. 524, 449 P.2d 569 (1969). The rules of civil procedure are not applicable in workers compensation proceedings. *Crow v. City of Wichita,* 222 Kan. at 332. Clarkson argues that, if the legislature had intended that parties in a workers compensation proceeding have a right to a rehearing on denial of K.S.A. 1992 Supp. 44-512a penalties, it would have clearly expressed that intent as it did in K.S.A. 44-554 providing for use of the civil rules relating to depositions. The Supreme Court has held that the workers compensation commissioner could not reopen a compensation case after a final award had been entered to consider additional evidence and adjust the

award based on this consideration. *Fleming v. National Cash Register Co.*, 188 Kan. 571, 363 P.2d 432 (1961).

The trial court relied principally upon K.S.A. 1992 Supp. 44-523(a), which mandates that an ALJ not be bound by technical rules of procedure, when it reversed the Director's order and reinstated penalties. Waln considers the two hearings held before the ALJ on the issue of penalties to be K.S.A. 1992 Supp. 44-534a preliminary hearings. Waln points out that there is no limit on the number of preliminary hearings which can be held prior to a final hearing and award. In light of K.S.A. 1992 Supp. 44-523(a) and the ALJ's authority to entertain multiple preliminary hearings, Waln argues this court should decide in her favor on this technical issue.

This appeal concerns a K.S.A. 1992 Supp. 44-512a penalty proceeding, not a preliminary or final compensation order. When Waln failed to timely seek the Director's review of the ALJ order dated February 16, 1990, denying penalties, the ALJ order became final.

In light of the foregoing determinations, it is not necessary to resolve the remaining issues raised on appeal. The decision of the trial court is reversed, and the matter is remanded with directions to reinstate the order of the Director of Workers Compensation.

BRAZIL, J., concurring: I concur in the result based on the conclusion that Waln's demand letter was not sufficient to invoke the penalty provision of K.S.A. 1992 Supp. 44-512a. Whether a demand letter complies with the statutory prerequisites to invoke the penalty is a question of law. This court can substitute its judgment for that of the trial court. *Reeves v. Equipment Service Industries, Inc.*, 245 Kan. 165, 173, 777 P.2d 765 (1989).

K.S.A. 1992 Supp. 44-512a provides in part:

"(a) In the event any compensation, including medical compensation, which has been awarded under the workers compensation act, is not paid when due to the person, firm or corporation entitled thereto, the employee shall be entitled to a civil penalty, to be set by the director and assessed against the employer or insurance carrier liable for such compensation in an amount of not more than $100 per week for each week any disability compensation is past due and in an amount for each past due medical bill equal to the larger of either the sum of $25 or the sum equal to 10% of

the amount which is past due on the medical bill, if: (1) Service of written demand for payment, setting forth with particularity the items of disability and medical compensation claimed to be unpaid and past due, has been made personally or by registered·mail on the employer or insurance carrier liable for such compensation and its attorney of record; and (2) payment of such demand is thereafter refused or is not made within 20 days from the date of service of such demand."

Waln's demand letter does not state a specific amount of temporary total compensation that is due and unpaid. It does, however, refer to the ALJ order filed February 2, 1989, requiring Clarkson or its insurer to pay temporary total payments during the vocational rehabilitation evaluation process.

The Supreme Court made the following comments regarding the sufficiency of a 44-512a demand letter.

"Under K.S.A. 44-512a as it existed prior to the amendment, the claimant was not obligated to itemize the amounts which he claimed were due and payable; the burden was on the employer and compensation carrier to compute the amounts due and make payment within the twenty-day period. Simple letters, requesting payment of all due compensation, were held to comply with the statute. [Citations omitted.]

"As we said in *Ryder v. Reagor*, 213 Kan. 576, 579, 516 P.2d 990:

'. . . The employer has the burden of avoiding the effects following the 44-512a demand, and neither the employee nor his counsel is under any obligation to advise the employer of the exact amount due. (Citing cases.)'

"This is no longer true. The claimant now has the burden under K.S.A. 1976 Supp. 44-512a to specify the items and amounts which he contends are due." *Kelly v. Phillips Petroleum Co.*, 222 Kan. 347, 353-54, 566 P.2d 10 (1977).

The problem in this case is that the demand letter is ambiguous concerning what compensation is past due. The letter seems to demand that Clarkson initiate contact with the new vendor and then begin paying temporary total disability benefits once the evaluation process starts.

The trial court indicated its belief that the ALJ order filed February 2, 1989, required payment of temporary total disability payments from the date of the order. Thus, it held the March 17, 1989, demand letter was sufficient to invoke the penalty provision. The ALJ order does state specifically that temporary total disability was payable from the date of the order. The problem with the trial court's reasoning is that Waln did not request payment from the date of the order. The demand letter alleges

that Clarkson and its insurer (1) failed to change vendors, (2) failed to obtain a vocational rehabilitation evaluation, and (3) failed to pay temporary total disability benefits during the evaluation.

Two of these allegations were false. The ALJ order filed February 2, 1989, specifically appointed Kansas Rehabilitation and Clinical Consultants (KRCC) as the new vendor in the case. An employee of that company acknowledged that it had received notice of its appointment from the ALJ in February 1989. Further, the initial contact between KRCC and Waln occurred on March 3, 1989, two weeks prior to the date Clarkson received its demand letter. At the time Clarkson received the demand letter on March 17, 1989, the evaluation process had been underway for two weeks.

Clarkson could not determine how much compensation was alleged to be past due from the letter. The letter refers to the ALJ order which was filed February 2, 1989, but seems to demand something other than what was ordered. A request to comply with the February 2, 1989, order absent itemization of the amount due was insufficient to invoke the penalty provision of K.S.A. 1992 Supp. 44-512a.